SANDERS, Justice.
This is a suit by Chrysler Corporation to recover use taxes and interest in the sum-. *501 ofi $546,517.35 paid to the City of New 'Orleans under protest. The United States •.intervened in the suit and prayed for judgment in favor of Chrysler. The district 'court originally sustained an exception of -no cause of action filed by the City and ■dismissed the suit. On appeal to this Court, ■we reversed the judgment and remanded "the case for trial. See Chrysler Corporation v. City of New Orleans, 238 La. 123, 314 So.2d 579.
On remand the City filed an exception, of •want of interest on the ground that Chrysler had been reimbursed by the United •States for all taxes paid and, hence, was without interest in the subject matter of -the litigation or right of action.
The district court overruled the exception :and, after trial, rendered judgment in favor ■of the plaintiff as prayed for. This appeal by the City followed.
In 1951 the United States leased the Michoud plant at New Orleans to Chrysler for the production of tank engines. Under a facilities contract with the government, Chrysler undertook to modify, equip, and adapt the plant to produce these engines. The use taxes collected from Chrysler by the City were on the use of tangible, personal property imported by Chrysler from outside the City for installation in the plant.
The pertinent provisions of Ordinance 15, 201 C.C.S. as amended, under which the assessment was made, are as follows: ,
“ * * * Section 1. * * * That the following words, terms, and phrases when used in this Ordinance have the meanings ascribed to them in this section, except when the context clearly indicates a different meaning. >
“(e) A ‘Retail Sale’, or a '‘sale at retail,’ means a sale to a consumer or to any person for any purpose other than for resale in the form of tangible personal property, and a sale of services, as herein set forth * * *.
“(Z) ‘Use’ means and includes the exercise of any rights or power over tangible personal property • incident to the ownership thereof, except that- it shall not include the sale at retail of that property in the regular course of business.
* * * * *. * .
“(p) ‘Tangible personal property’ means and includes personal property which may be seen, weighed, measured, felt, or touched, or is in any other man[1] ner perceptible to the senses. The term ‘tangible personal property’ shall not include stocks, Bonds, notes ór bther obligations or securities. [1]
“Section 2. That there is hereby levied from and after January 1,1941, *503 for general municipal purposes a tax upon the sale at retail, the use, the consumption, the distribution, the distribution and the storage in this City, of each item or article of tangible personal property, as defined herein, and upon the lease or rental of such property and the sale of services, within the City of New Orleans; the levy of said tax to be as follows:
i}c ‡ ‡ #
“(b) At the rate of one per cent (1%) of the cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed, or stored for use or consumption in this City; provided there shall be no duplication of the tax.
“Section 3. That the aforesaid tax at the rate of one per cent (1%) of the retail sales price, as of the moment of the sale, or one per cent (1%) of the cost price, as of the moment of purchase, or one per cent (1%) on sales or services, as herein defined, as the case may be, shall be collectible from all persons, as defined herein, engaged as dealers, as hereinafter defined, in the sale at retail, the use, the consumption, the distribution, and the storage of tangible personal property, and the sale of service, as herein defined. * *
“The term ‘dealer’ is further defined to mean every person, as used in this Ordinance, who imports, or-causes to be imported, tangible personal property from any State, or other political subdivisions of this State, or foreign country for sale at retail, for use or consumption, or distribution, or- for storage to be used or consumed in this-City. * * *
“On all tangible personal property-imported, or caused to be imported,, from other states or other political subdivisions of this State, or foreign-country, and used by him, the ‘dealer’,, as thus defined, shall pay the tax imposed by this Ordinance on all articles-of tangible personal property so imported and used, the same as if the-said articles had been sold at retail for use or consumption in this City. For the purpose of this Ordinance, use, or consumption, or distribution, or storage of tangible personal property, shall each be equivalent to a sale at retail, and the tax shall thereupon immediately levy and be collected in the manner provided herein, provided there shall be no duplication of the tax in. any event.
“Section 15. * * *
“(a) A Right of action is hereby created to afford a remedy at law fon any dealer aggrieved by the provisions of this ordinance; and in case of any such dealer resisting the payment of *505 any amount found due, or the enforcement of any provision of such laws in relation thereto, such dealer shall pay the amount found due by the Commissioner and shall give the Commissioner notice, at the time, of his intention to file suit for the recovery of the same;
* * * ” (Emphasis ours.) ! •
The record discloses that the title of the property at no time vested in Chrysler, but passed directly from the various vendors to the United States. Chrysler paid the taxes on instructions of the United States government under a reimbursement agreement. The United States fully reimbursed Chrysler prior to the institution of this suit and is ultimately entitled to the money if it is recovered. Hence the exception of want of interest stands at the threshold of the case.[1]
For a right of action under this ordinance, a party must be aggrieved. A pecuniary interest is essential.[2] As we stated in our previous decision herein, the “use” embraced by the ordinance is the exercise of a right or power over property incident to ownership. The tax is imposed upon the owner. In the instant case the owner was the United States. Chrysler paid the tax under instructions of the United States government with attendant reimbursement. Moreover, the United States is ultimately entitled to the money if it is recovered. Under these circumstances, Chrysler does not have the requisite interest to maintain this action.
The present case falls within the principle of Krauss Company v. Develle, 236 La. 1072, 110 So.2d 104. In that case Krauss Company sought to recover sales tax paid to the City of New Orleans on merchandise which it had sold. The district court dismissed the suit. In affirming the judgment this Court stated:
“It appears that the basis of the lower court’s finding was the fact that the plaintiffs were not aggrieved within the intendment of Sections 56-96 and Sections 56-97 of the Code of the City of New Orleans because the amounts *507 paid to the city by the plaintiffs as taxes were collected from and. passed on to, the consumers by the plaintiffs.
“The plaintiffs contend that they are specifically given a' right to institute these suits under the provisions of Section 15(a) of Ordinance No. 15, 201 C.C.S., as amended, which provides :
“ ‘Right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this Ordinance; * * * ’
They take the position that they are aggrieved within the meaning of . this provision of the Ordinance. While, on the other hand, the city takes the position that the tax was not imposed on the plaintiffs but upon the purchasers, that they alone had a direct remedy for the refund of such taxes, and that since the plaintiffs are not taxpayers they are without interest to sue for a refund of money that does not belong to them. The city says that the plaintiffs are merely acting in the capacity of agents for the city in the collection of the tax.
“Neither counsel for the plaintiffs nor the defendant has cited any decision of this Court involving the issue raised herein and we are unable to find any decision wherein such question was posed in this state. However, the decision in the case of Kesbec, Inc. v. McGoldrick, 278 N.Y. 293, 16 N.E.2d 288, 119 A.L.R. 536, wherein the same question was involved seems to be well founded and should be accepted by this Court. In that case the court held that a dealer in gasoline could not recover a refund of taxes on gasoline collected by it from consumers under a city regulation because it had no beneficial interest since the tax was not imposed upon the dealer but fell upon the consumer.”
The fact that the United States as an intervenor prays for judgment in favor of Chrysler is of no moment. This does not convert the suit into one by Chrysler for the use and benefit of the United States. The intervention either stands or falls with the main demand. Since the main demand must fall, the intervention falls with it. Holley v. Butler Furniture Co., 217 La. 8, 45 So.2d 747; Erskine v. Gardiner, 162 La. 83, 110 So. 97.[3]
In support of its position, Chrysler relies upon the decision of this Court in Bel Oil Corporation v. Fontenot, 238 La. 1002, 117 So.2d 571. In that case Bel Oil Corporation *509 and Calcasieu Paper Co. sought to recover gas gathering taxes paid under LSA-R.S. 47:1576* Under a contract Calcasieu had reimbursed Bel, the gas gatherer, for the taxes. This Court maintained Bel’s right to bring -suit for a refund and maintained an exception as to Calcasieu on the ground that “any liability of the Paper Company for the .tax arose under its private agreement and not under any provision of the statute.” In that case the statute imposed the tax only on the gas gatherer, Bel; whereas in the present case the ordinance imposes the tax on the owner, not Chrysler but the United States. Hence that case is distinguishable.
For the reasons assigned the judgment of the district court overruling the exception of want of interest filed on behalf of the City of New Orleans is reversed; the exception of want of interest is maintained; plaintiff’s suit is dismissed at its cost; and the intervention of the United States of America is dismissed at its cost.
HAMITER and SUMMERS, JJ., dissent with written reasons.

. Plaintiff suggests that this exception has been previously ruled upon by this Court in the form of an exception of no right of action. An examination of our previous decision in this case discloses that only the question of whether the petition stated a cause of action was considered. See Chrysler Corporation v. City of New Orleans, 238 La. 123, 114 So.2d 579.

. Section 15(a) Ordinance 15, 201 C.C.S.; Krauss Company v. Develle, 236 La. 1072, 110 So.2d 104; cf. Article 15, Louisiana Code of Practice; Succession of Alstock, 230 La. 167, 88 So.2d 14; Interdiction of Maestri, 213 La. 313, 34 So.2d 790; Losavio v. Losavio Realty Co., 212 La. 23, 31 So.2d 412; Ideal Savings & Homestead Ass’n v. Scott, 181 La. 978, 160 So. 783; Waterhouse v. Star Land Co., Ltd., 139 La. 177, 71 So. 358; Quaker Realty Co. v. Labasse, 131 La. 996, 60 So. 661; Succession of Vicknair, La.App., 126 So. 2d 680; Orr v. Walker, La.App., 104 So. 2d 226 ; 39 American Jurisprudence Parties § 10, pp. 859-860; 11 TLR 527.

. The suit, intervention, and exception of want of interest in the instant case were filed prior to the adoption of the Louisiana Code of Civil Procedure enacted by Aet No. 15 of 1960. Compare Article 1039, LSA-C.C.P. relative to voluntary dismissals on motion of plaintiff.