UNITED STATES of America, and Chrysler Corporation, Plaintiffs

v.

CITY OF NEW ORLEANS, and Robert E. Develle, Director of Finance.

Civ. A. 12988.

United States District Court
E. D. Louisiana.

March 21, 1963.

Louis C. LaCour, U. S. Atty., Peter E. Duffy, Asst. U. S. Atty, William Massar, Atty. Dept. of Justice Tax Division, for the United States.

David J. Conroy, Guy C. Lyman, Jr., New Orleans, La., for Chrysler Corp.

Alvin Liska, City Atty., Ernest Salitich, James Brown, Asst. City Attys., for defendants.

ELLIS, District Judge.

Plaintiffs here, United States and Chrysler Corporation, seek a writ of sequestration or injunction pendente lite against the City of New Orleans and the Director of Finance of the City of New Orleans. The subjects of plaintiffs' request are certain cash and obligations of the United States presently in the Federal Reserve Bank under an escrow agreement between Chrysler Corporation and the defendants. The dispute originates with a "use" tax levied by the City of New Orleans against the Chrysler Corporation on movable property allegedly owned by Chrysler and used in performance of a contract between Chrysler and the United States. Chrysler agreed to place a fund, composed of cash and United States bonds, in the amount of the tax, in escrow as a payment of the tax under protest. Subsequently, in accordance with its contract, the United States reimbursed Chrysler Corporation in the

**896**

amount of the escrow fund. Suit was filed in Louisiana courts by Chrysler, with the United States as intervenor, to test the tax and the Louisiana Supreme Court has twice ruled in the case.

Alleging that the invalidity of the tax has been established by the Louisiana courts, the United States and Chrysler bring suit in this court to recover the escrow fund. Plaintiffs allege that defendants are presently desirous of transferring the escrow fund into the General Treasury of the City, and thus commingling the escrow with other city funds. The narrow question at this stage of the proceeding is whether sequestration or injunctive process should issue to maintain the fund separate from the general city treasury pending the outcome of this litigation. Obviously the Court does not reach the merits of plaintiffs' claim except to the extent that it may be necessary to indicate some cause for belief in the possible merits of plaintiffs' claim on the question of injunction pendente lite. This Court concludes that process should issue to maintain the status quo pending the termination of the instant proceeding.

Rule 64 of the Federal Rules of Civil Procedure provides that:

### SEIZURE OF PERSON OR PROPERTY

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought * * *. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action."

The state law referred to in the Rule which applies in this case is LSA–Code of Civil Procedure, Art. 3571, which provides:

### GROUNDS FOR SEQUESTRATION

"When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action."

In addition to this procedure, this Court has the power to issue a protective injunction, pending the outcome of the action, to maintain the status quo if such is necessary to protect plaintiffs' rights in the event plaintiff should prevail on the merits. 28 U.S.C.A. § 1651, Fitzgerald v. Abramson, S.D.N.Y., 89 F. Supp. 504; 28 Am.Jur. Injunctions, Sec. 12, p. 499. "Equity may by a restraining order protect a fund in controversy, pending the determination of the controversy, where there is danger that the fund will be lost or dissipated and that complainant will lose the fruit of his action * * *. In these circumstances, an injunction may be granted to preserve the fund and secure it for the party to whom it may be adjudged to belong on final decree." 43 C.J.S. Injunctions § 56(c), p. 521, See American Can Co. v. Williams, 2 Cir., 153 F.2d 882.

More to the point, in this context, is Article 3601 of the LSA–Code of Civil Procedure which provides:

"An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.

"During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, in accordance with the provisions of this Chapter."

This, under Rule 64, F.R.C.P., supplements the power of this Court to restrain the City of New Orleans pending the determination of this suit if, on the one hand, the City has the power to dispose of the property during the pendency of the suit, or, on the other hand, the equities demand that the Court maintain the status quo pending final adjudication.

■ It cannot be doubted that the United States claims the ownership of the property. Paragraph 20 of its complaint reads:

20. By reason of the foregoing said cash and other obligations so held by defendants lawfully belongs to and is the property of plaintiff United States.

The City's argument that the United States "alleges" ownership but does not "claim" it as required by Article 3571 is a mere semantic exercise and unsupported in the record.

It further cannot be doubted that the City has the power to convert the escrow fund into the general fund. It is so alleged in Paragraph 21 of plaintiffs' complaint and is not denied by the City. Quite to the contrary, the City indicates, in argument, that this is precisely its right and intention. Without more, the requirements of Article 3571 as applied in federal court by Rule 64 are fulfilled.

But there is more. The complaint claims that the aggregate value of the cash and obligations originally placed in escrow is now far in excess of the interest which has accrued from delivery to date. Hence the particular fund itself is of considerable importance. It was admitted in argument that the City has no provision for paying the type of judgment sought here out of the general fund. The possible loss due to commingling these funds plus the potential inability to satisfy a judgment in favor of plaintiffs if obtained suggests that plaintiff would be materially prejudiced if the City is not prohibited from converting the fund into the general fund. On the other hand, the fund in suit has been in escrow since November 15, 1955, and there is no showing whatever that the City will be prejudiced by maintaining the "status quo pendente lite."

To this must be added the fact that the Louisiana Supreme Court has held that "the United States is ultimately entitled to the money if it is recovered." Chrysler Corporation v. City of New Orleans, 243 La. 498, 145 So.2d 11, 14. The two prior decisions of the Louisiana Supreme Court, Chrysler Corporation v. City of New Orleans, 238 La. 123, 114 So.2d 579 and Chrysler Corporation v. City of New Orleans, 243 La. 498, 145 So.2d 11, held that the original petition of Chrysler Corporation stated a cause of action because it disclosed that the City tax was on use by the "owner" of the property and that under the Chrysler-United States contract, Chrysler has never been the owner of the taxed property. In the second case, the court found that, on the record, Chrysler was not the owner of the property; that Chrysler had been reimbursed for the fund it put up as a protested tax payment; that, as a result, Chrysler had no standing to sue; and that the intervention of the United States procedurally failed because of its reliance on the main plaintiff. In short, the Louisiana court held that there is a good cause of action to recover but that Chrysler Corporation, having been reimbursed, has no standing to sue. But the Louisiana court also noted that the United States was the party ultimately entitled to the fund if recovered. Given this disposition by the Louisiana court, there is at least a reasonable chance that the United States will prevail in the instant action. This reasonable chance supports the issuance of a preliminary injunction against the City.

The city objects that Chrysler Corporation is entitled to neither sequestration nor an injunction. This is probably true, but is of no moment since there is another plaintiff actively pressing a claim for such relief. It is the interest of the United States which presently concerns the court since Chrysler is not entitled to the funds ultimately under the Louisiana Supreme Court's ruling.

As to the United States, the City says that the United States does not seek sequestration. Aside from the fact that a court's equity powers give it the power to grant whatever relief a party may need to do justice, it is abundantly clear from the pleadings, briefs, and arguments that the United States does seek sequestration, or an injunction pendente lite in the alternative. The balance of the City's objections are addressed to the merits of the controversy and are premature.

Since the fund in issue is presently in escrow under an agreement which is here continued in full force and effect, the fund will be adequately protected and the full remedy of sequestration is unnecessary. Similarly the interests of the City are protected since the fund will continue to draw interest and be reinvested to the best advantage.

Order to be drawn by the parties.