**UNITED STATES of America and Chrysler Corporation**

v.

**Roland COCREHAM, Collector of Revenue for the State of Louisiana, and the State of Louisiana.**

**Civ. A. No. 2783.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Nov. 29, 1965.

Louis C. LaCour, U. S. Atty., Eastern District of Louisiana, New Orleans, La., William Massar, Atty., Dept. of Justice, Washington, D. C., for United States of America.

David J. Conroy, Guy C. Lyman, Jr., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., for Chrysler Corporation.

Chapman L. Sanford, Cyrus A. Greco, Baton Rouge, La., for Collector of Revenue for State of Louisiana and State of Louisiana.

WEST, District Judge:

This is a suit brought by the United States of America and the Chrysler Corporation against the State of Louisiana and its Collector of Revenue seeking a refund of certain sales and/or use taxes and interest in the amount of $1,061,-861.65 paid by Chrysler under protest. The State of Louisiana claims to have legally assessed and collected the taxes pursuant to the provisions of Louisiana Revised Statutes 47:301 et seq., and also contends that even if the taxes were illegally collected, Chrysler has lost its right to recover them and the United States has no standing to sue for their recovery. Stated briefly, the facts leading up to this litigation are as follows:

In 1951, during the Korean Conflict, the United States Government leased the industrial site known as the Michoud Plant in New Orleans, Louisiana, to the Chrysler Corporation, who, according to the terms of the lease contract, after rearranging and restoring the plant, installed and operated the necessary tools, machinery, and equipment to produce tank engines. This was done under what was commonly referred to as a "facilities contract" between Chrysler and the United States. Pursuant to the terms of this facilities contract, all property purchased by the Chrysler Corporation for use in the plant became, immediately upon purchase, the property of the United States of America exclusively. As a result of this operation, the State of Louisiana, on or about May 27, 1955, through its Collector of Revenue, made an assessment against Chrysler Corporation and demanded payment of the sum of $925,504.26, representing a deficiency in taxes and interest claimed by the State of Louisiana to be due under the Louisiana General Sales and Use Tax Statute, LSA–R.S. 47:301 et seq., by reason of Chrysler's use of certain personal property in the Michoud Plant. On November 30, 1955, Chrysler arranged to pay the claimed deficiency under protest. Pursuant to agreement entered into between the State of Louisiana and Chrysler, the latter deposited with the State certain cash and United States bonds to be held segregated during the pendency of litigation to determine the validity of the assessment. A total of $1,061,861.65 was deposited in escrow under this agreement. This agreement between the State of Louisiana and Chrysler provided, in part, as follows:

"WHEREAS, it is further agreed between State and Chrysler that upon final judicial determination pursuant to all appeals which may be taken of the suit for recovery to be filed by Chrysler, or upon earlier settlement or compromise between State and Chrysler, the $695.13 in cash so segregated and held and the bonds so delivered and all accrued interest thereon, whether then collected and held in cash or then uncollected (all hereinafter, for convenience, called 'segregated cash and bonds'), will be turned over by State to Chrysler and/or retained by State as follows:

"There will be turned over to Chrysler that proportionate part

of the total of said segregated cash and bonds computed as of the date of turning over, which is equal to the ratio that the amount, if any, of the $925,504.26 assessment finally determined in said suit to be recoverable by Chrysler, * * * and there will be retained by State the remainder, if any, of such segregated cash and bonds; and * * *."

Pursuant to this agreement, on December 27, 1955, Chrysler filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, at Baton Rouge, Louisiana, seeking recovery of these funds which it had paid to the State of Louisiana under protest. It was not until December 8, 1959, four years later, that the United States intervened in that suit, alleging that it had an interest in the subject matter of the litigation. In its intervention, the United States alleged that some time before the suit had been instigated by Chrysler, it, the United States, had reimbursed Chrysler the amount of the taxes and interest paid under protest, and had agreed that if Chrysler was successful in its suit against the State of Louisiana, the monies so recovered would be paid over by Chrysler to the United States. This petition of intervention prayed only for judgment in favor of the plaintiff, Chrysler Corporation, and against the State of Louisiana. This intervention was the first notice had by the State of Louisiana of the alleged pecuniary interest of the United States in this suit. In response to Chrysler's suit, the State of Louisiana filed an answer, and also filed exceptions of no right and no cause of action. The Trial Court referred these exceptions to the merits, and the case was tried in the State Court on June 20, 1961. On March 12, 1963, that Court sustained the defendant's exceptions of no right and no cause of action as to the plaintiff, Chrysler Corporation, on the ground that since Chrysler, prior to the institution of suit, had been completely reimbursed by the United States for all taxes paid by it under protest to the State of Louisiana, it, Chrysler, no longer had the requisite interest to maintain the suit. Since the defendant's exceptions were sustained, there was actually no need for the Court to make any findings on the merits. But nevertheless, in addition to finding a lack of interest on the part of Chrysler Corporation and thus sustaining the exceptions, the Court did find, on the merits, that the State statute under which the use tax was collected provided for the taxation only of an *owner's* use of property; that Chrysler never owned any of the property, the use of which had been taxed; that the United States was at all pertinent times the owner of the property; that *if* Chrysler had been entitled to any recovery, the United States would, pursuant to its agreement with Chrysler, have been entitled to receive from Chrysler whatever monies were recovered as a result of the litigation. As a result of the dismissal of Chrysler's suit, the intervention filed by the United States was, at the same time, dismissed because under Louisiana law, the intervention must either stand or fall with the main demand. No appeal from this decision was taken by either Chrysler or the United States, and the judgment was allowed to become final and executory on April 16, 1963. On April 15, 1963, the day before the judgment became executory, the present suit was filed. After answer to this suit had been filed, the defendant, on April 9, 1965, filed a motion to dismiss, and alternatively, for summary judgment on the grounds that (1) this Court lacks jurisdiction over the subject matter of the complaint; (2) this Court lacks jurisdiction over the defendant; (3) the complaint fails to state a claim upon which relief can be granted; and (4) in the alternative, the defendant is entitled to summary judgment as a matter of law, there being no material issues of fact involved. On June 18, 1965, the plaintiff filed its motion for summary judgment and it is these two motions that are presently before this Court.

Despite the scholarly argument of counsel for plaintiff to the contrary, it is the opinion of this Court that the matters presently before this Court involve the identical issues which have previously been adjudicated both by the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in the unreported case of Chrysler Corporation v. Rufus Fontenot, Collector of Revenue, State of Louisiana, bearing its Docket No. 55,294, and by the Supreme Court of the State of Louisiana in the case of Chrysler Corporation v. City of New Orleans, 243 La. 498, 145 So.2d 11 (1962).

Briefly stated, the plaintiff in this case contends that since Chrysler Corporation did not own the property on which a use tax was assessed, the assessment and collection of the tax by the State of Louisiana was illegal, null and void. Secondly, that because the United States of America, pursuant to an agreement between it and Chrysler, reimbursed Chrysler the full amount of the taxes paid by it under protest to the State of Louisiana, the United States of America not only has an interest in this litigation but in fact has the capacity to sue for recovery of these funds. They contend that the State of Louisiana has illegally collected these taxes, and that therefore, it has no right to their retention. The plaintiffs further argue that the State of Louisiana would be unjustly enriched should this Court hold that it could retain these funds which have been illegally collected from Chrysler. Both plaintiffs rely on the findings of both the Nineteenth Judicial District Court and the Louisiana Supreme Court, wherein both Courts found, as a fact, that Chrysler Corporation did not own any of the property involved, and that title to the property at all times was vested in the United States of America, and that hence the State of Louisiana had no legal right to assess a tax against the Chrysler Corporation, but neither plaintiff is willing to accept the additional findings of the same Courts that under Louisiana law, Chrys-

ler has no legal right now to recover these taxes. Plaintiffs rely heavily on the statement made by the Louisiana Supreme Court in Chrysler Corporation v. City of New Orleans, supra, wherein it stated:

"The United States fully reimbursed Chrysler prior to the institution of this suit and is ultimately entitled to the money if it is recovered."

The plaintiffs construe this statement as a finding by those State Courts that the United States is, in fact, entitled to the recovery of these funds from the State of Louisiana.

The defendant, on the other hand, asserts many defenses to this suit, but only those deemed necessary to a determination of this matter will be considered. It is contended by the defendant that the Chrysler Corporation does not have the requisite interest to maintain this action, and that even if it did, it does not have the necessary consent of the State of Louisiana to maintain this action in this Court; that the holding by the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, previously referred to herein, is res judicata to the present action, both with respect to the Chrysler Corporation and the United States of America; that the United States of America does not have the requisite interest to maintain this action, and that even if it does, the fact that it has not complied with the provisions of LSA–R.S. 47:1576 precludes it from maintaining this action.

For the reasons hereafter stated, it is the opinion of this Court that the defendant's motion for summary judgment should be granted.

When the tax in question was assessed by the State of Louisiana against the Chrysler Corporation, and when the Chrysler Corporation paid this tax under protest, it had, at that time, a right, pursuant to the provisions of LSA–R.S. 47:1576, to sue for recovery of the taxes which it claimed to have been illegally

assessed and collected. That statute provides, in part, as follows:

"A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest or other charges imposed in this Sub-title. The person resisting the payment of any amount found due by the collector, or of enforcement of any provisions of this Sub-title, shall pay the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount paid shall be segregated and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such amount, the funds segregated shall be further held pending the outcome of the suit."

■ Thus, at the time the tax was paid under protest by Chrysler Corporation, and before it had been reimbursed by the United States, it had standing to sue under the provisions of this statute for recovery of those funds. At that time, there is little doubt that Chrysler would have been considered to be a "person aggrieved" and as such, entitled to bring action for recovery. However, this statute has now been interpreted by the Supreme Court for the State of Louisiana, and that Court has held that where the party who paid the tax under protest has, before institution of a suit for recovery, been completely reimbursed by a third party, the party originally paying the tax no longer has the requisite interest to maintain an action for recovery of the taxes. This was a part of the holding in the case of Chrysler Corporation v. City of New Orleans, 243 La. 498, 145 So.2d 11 (1962), which was a suit identical with the present suit except that it involved the payment, under protest, by the Chrysler Corporation of a use tax to the City of New Orleans covering the use of the very same property involved in the present case. The city ordinance establishing the use tax in favor of the City of New Orleans is identical in every relevant respect with the State statute under which the present suit is brought, and the very same parties who are parties to this suit litigated the City of New Orleans case referred to. That case went to the State Supreme Court, which, in the course of its opinion, stated:

"In 1951 the United States leased the Michoud plant at New Orleans to Chrysler for the production of tank engines. Under a facilities contract with the government, Chrysler undertook to modify, equip, and adapt the plant to produce these engines. The use taxes collected from Chrysler by the City were on the use of tangible, personal property imported by Chrysler from outside the City for installation in the plant.

\*　\*　\*　\*　\*　\*

"The record discloses that the title of the property at no time vested in Chrysler, but passed directly from the various vendors to the United States. Chrysler paid the taxes on instructions of the United States government under a reimbursement agreement. The United States fully reimbursed Chrysler prior to the institution of this suit and is ultimately entitled to the money if it is recovered. Hence the exception of want of interest stands at the threshold of the case.

"For a right of action under this ordinance, a party must be aggrieved. A pecuniary interest is essential. As we stated in our previous decision herein, the 'use' embraced by the ordinance is the exercise of a right or power over property incident to ownership. The tax is imposed upon the owner. In the instant case the owner was the United States. Chrysler paid the tax under instructions of the United States government with attendant reimbursement. Moreover, the United States is ultimately entitled to the

money if it is recovered. Under the circumstances, Chrysler does not have the requisite interest to maintain this action.

\* \* \* \* \* \*

"The fact that the United States as an intervenor prays for judgment in favor of Chrysler is of no moment. This does not convert the suit into one by Chrysler for the use and benefit of the United States. The intervention either stands or falls with the main demand. Since the main demand must fall, the intervention falls with it."

■■ Hence, even though upon paying the tax under protest to the State of Louisiana, the Chrysler Corporation had standing to sue for its refund, nevertheless, when Chrysler Corporation was fully reimbursed for all monies paid to the State of Louisiana prior to the institution of its suit for refund it, Chrysler Corporation, lost its standing to sue for refund. This Court is, of course, bound by the interpretation placed upon that statute by the Supreme Court of the State of Louisiana. Hence, there is simply no question but that Chrysler Corporation has no standing to maintain this present suit against the State of Louisiana. Not only is it clear from the agreed facts in this case that, under the interpretation placed upon LSA–R.S. 47:1576 by the Supreme Court of Louisiana, Chrysler Corporation has no standing to pursue this suit for refund, but in addition thereto, it is equally clear that the holding of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, in a suit identical with this one, is res judicata insofar as Chrysler Corporation is concerned.

Article 2286 of the Louisiana Civil Code of 1870 provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

Article 3556(31) of the Louisiana Civil Code of 1870 provides:

"Thing adjudged.—Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."

■■ The very same demands made by Chrysler Corporation in this suit were made in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. All of the issues presently before this Court were before that Court, and that Court, relying on the authority of the decision of the Supreme Court of the State of Louisiana in Chrysler Corporation v. City of New Orleans, supra, decided against Chrysler. Chrysler voluntarily let that judgment become final without appealing, and consequently, that decision is res judicata to any subsequent identical suits. But Chrysler now contends that its rights under the agreement entered into between it and the State of Louisiana on November 30, 1955, were not adjudicated by the State Court. This Court cannot agree with that contention. The agreement of November 30, 1955, the pertinent part of which has been heretofore quoted, merely provided for the method of distribution of the funds in escrow at the conclusion of a suit to be filed by Chrysler pursuant to the provisions of LSA–R.S. 47:1576. Obviously, when the Court held that Chrysler could not maintain its action for recovery under that statute, and there being no other statute under which it could maintain an action for refund, it logically follows that pursuant to the provisions of the agreement of November 30, 1955, all of the funds in escrow are to be retained by the State of Louisiana. Consequently, there was nothing further to adjudicate insofar as the agreement of November 30, 1955, is concerned. Chrysler was

simply not entitled to recover any of the money paid by it under protest because of the fact that it had already been reimbursed all of the money expended by it, and it no longer had the required interest to sue. This was clearly and definitively decided by the Supreme Court of the State of Louisiana.

There is still another reason why this present suit must be dismissed insofar as Chrysler Corporation is concerned. Chrysler Corporation simply has no right to bring this action against the State of Louisiana in the Federal Court. LSA–R.S. 47:1576 provides in part:

"This Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and the subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Sub-title, as to the legality of any tax accrued or accruing or the method of enforcement thereof * * * ".

Article III, Section 35, of the Louisiana Constitution provides:

"The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, departments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; * * * The Legislature shall, by special or general laws or resolutions, prescribe the procedural rules, including rules of venue and service of process, to govern suits against the state and other public bodies; the procedure in such suits, in the absence of applicable procedural rules promulgated by the Legislature, to be the same as in suits between private litigants. * * * *No suit authorized under this constitutional provision shall be instituted in any court other than a Louisiana State court.* * * * "
(Emphasis added.)

At first blush it would seem that the above quoted statute and the above quoted constitutional provision are in conflict in that the statute apparently allows a suit to be brought in either the State or Federal Court for recovery of taxes paid under protest, while the Constitution of the State of Louisiana prohibits a suit against the State of Louisiana in any court other than a court of the State of Louisiana. Actually, these two provisions are not in conflict because of the fact that the statutory provision affording a legal remedy gives a right of action in any "state or federal court *having jurisdiction of the parties and the subject matter* * * *." This provision is obviously included for the purpose of giving effect to well settled jurisprudence to the effect that under certain circumstances a state may be sued in a Federal Court even without its consent. Thus, it is well settled that the Federal District Court does have jurisdiction over a case brought by the United States against a state. United States v. State of California, 328 F.2d 729 (1964), cert. den. 379 U.S. 817, 85 S.Ct. 34, 13 L.Ed.2d 29. Also, it is well settled that in such a case, consent of the state is not required. United States v. State of Texas, 143 U.S. 621, 12 S.Ct. 488, 36 L.Ed. 285 (1892); United States v. State of Louisiana, 339 U.S. 699, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); Principality of Monaco v. State of Mississippi, 292 U.S. 313, 54 S.Ct. 745, 78 L.Ed. 1282 (1934). Thus, no violence is done to LSA–R.S. 47:1576 by holding that that statute does not give consent to Chrysler Corporation to maintain this action against the State of Louisiana in a Federal Court. The State of Louisiana is expressly prohibited from granting such authority to be sued in a Federal Court by the provisions of Article III, Section 35, of the Louisiana Constitution, supra. Thus, for this additional reason, Chrysler Corporation has no standing to maintain this suit against the State of Louisiana in this Court.

There is, however, more difficulty encountered when attempting to

apply the doctrine of res judicata to the claim of the United States. Ordinarily the exception of res judicata estops whenever the same question recurs between the same parties regardless of whether the questions are presented by petition, exception, rule, or intervention. Hence, if the issues are actually adjudicated, even though one be a party by intervention the exception of res judicata may estop him from relitigating the same issues in another proceeding. However, in the present suit, the question is whether or not the prior proceedings in the State Court resolved the question of the right of the United States to recover these funds from the State of Louisiana. A careful review of this record indicates that no such direct determination was made in the prior cases either by the Nineteenth Judicial District Court or by the Louisiana State Supreme Court. In both cases it was determined only that because of the fact that the Chrysler Corporation had been reimbursed the monies expended by it, it, the Chrysler Corporation, no longer had the requisite interest to maintain this action against the State of Louisiana. It did not pass upon the question of whether or not the United States, separate and apart from the Chrysler Corporation, had the requisite interest to maintain its action for the recovery of these funds. But even though the doctrine of res judicata may not be applied under these circumstances to the United States, nevertheless, it is not difficult to determine that the United States does not have the requisite interest to maintain this action. The procedure for recovering illegally collected taxes in the State of Louisiana is specifically provided for by LSA–R.S. 47:1576. As previously noted, this statute provides that the person resisting the payment of the taxes shall pay the amount found to be due by the Collector and at that time shall give the Collector notice of his intention to file suit for the recovery thereof. It further provides that if *the person paying the tax to the State of Louisiana* files suit within thirty (30) days after its payment, the funds will be segregated and so held pending the outcome of the suit. This statute is clear and unambiguous. It does not give the right to any one other than the person actually paying the tax to the State of Louisiana to file a suit for its refund. In the instant case, there is no claim that the United States paid any tax whatsoever to the State of Louisiana. As a matter of fact, the State of Louisiana at no time attempted to assess or collect any tax from the United States of America. If the United States was under any obligation to refund this money to the Chrysler Corporation, such obligation arose because of some contractual obligation between Chrysler and the United States, and had nothing whatsoever to do with the State of Louisiana. Had the United States not prematurely made the refund to Chrysler, Chrysler would have been able to maintain its suit for refund. But when the United States voluntarily reimbursed Chrysler for the taxes it had paid under protest, it thereby deprived Chrysler of any right that it had to sue the State of Louisiana for refund. At the same time, the United States, not having been assessed any tax by the State of Louisiana, and not having paid any tax to the State of Louisiana, simply has no standing under the provisions of the statute to bring this suit for the refund of monies paid to the State of Louisiana by some third party.

 It is argued by counsel for the United States that such a holding will permit the State of Louisiana to become unjustly enriched because it enables the State to retain monies which it had no right to collect in the first place. This may well be true, but it is not necessarily unusual nor illegal. For instance, the State, as well as other taxing authorities, is often legally entitled to retain money which it has improperly collected. For example, there is no question but that certain procedures must be followed in order to successfully sue for the recovery of taxes paid under protest. If the required procedures are not followed, the claim for refund must be disallowed. Also, there is no question but that the

State has the right to place a prescriptive period on the time within which a suit for refund must be brought. If one pays a tax under protest, and then fails to bring suit for refund within the required time, he loses his right to bring such an action. In any of these events, the State has the unqualified right to retain the funds so collected, even though they may have been originally illegally collected. The law likewise prescribes prescriptive periods within which one must bring an action to collect an open account, to collect on a promissory note, and to recover on many other kinds of claims. In the event suit is not brought within the prescribed time, the person holding the funds in question has the unqualified right to retain them. They may, in a sense, be unjustly enriched by being allowed to retain the funds, but the fact remains that if the one to whom the money rightfully belongs fails to assert his claim within the time prescribed by law, he forfeits his right to the funds. That is precisely what has happened in the present case. It was by the actions of the United States itself that the Chrysler Corporation was deprived of any right that it otherwise had for the recovery of these funds. When the United States reimbursed Chrysler for the amount of taxes it had paid under protest, Chrysler agreed only to return to the United States such funds as it, Chrysler, might recover from the State of Louisiana pursuant to a suit to be filed by it for refund. The fact remains that Chrysler, because of the actions of the United States, was entitled to no refund from the State of Louisiana. Since it was entitled to no refund from the State, it simply had no further obligation to the United States insofar as these taxes are concerned.

 The United States, while on the one hand strenuously objecting to the application of the doctrine of res judicata to its present claim, on the other hand, contends that it is, in this suit, entitled to recover because both the Louisiana State Supreme Court and the Nineteenth Judicial District Court stated that:

"The United States fully reimbursed Chrysler prior to the institution of this suit and is ultimately entitled to the money if it is recovered."

It assumes a rather strange position. It contends on the one hand that it is not now bound by the prior decisions of the State Courts in those cases, but on the other hand, insists that its right to recovery has been conclusively established by the above quoted statement of both the District Court and the Supreme Court of the State of Louisiana. This inconsistent position is not important, however, because of the fact that neither the State District Court nor the State Supreme Court actually found that the United States of America was entitled to a refund of this money. Those Courts merely stated that the United States would be entitled to recover the money "if it is recovered." Obviously both of those Courts were merely referring to the fact that if Chrysler were able to recover these funds from the State of Louisiana, it, Chrysler, because of its agreement with the United States, would be obligated to turn the money so recovered over to the United States. This, by no stretch of the imagination, was a determination by either of those Courts that the United States was, in fact, entitled to recover anything from the State of Louisiana. The fact of the matter is that the right of the United States to recover on its own from the State of Louisiana was not decided by either of those State Courts. This Court now decides that question. The clear facts of this case show that, as has already been decided by two State Courts, title to the property in question vested exclusively in the United States of America. The State of Louisiana had no authority to levy or collect a tax from the United States of America, nor did it ever attempt to do so. The United States never paid any tax to the State of Louisiana, either voluntarily or involuntarily, and

because of this fact, the United States did not and could not comply with the provisions of LSA–R.S. 47:1576. This statute, being the only means by which one can sue for the recovery of taxes paid, and the United States not having complied with that statute, it obviously cannot maintain this action against the State of Louisiana for a refund of these taxes. It is therefore the opinion of this Court that plaintiffs' motion for summary judgment should be denied, and defendant's motion for summary judgment against both plaintiffs should be granted. Judgment will be entered accordingly.