**UNITED STATES of America and Chrysler Corporation, Appellants,**

v.

**Roland COCREHAM, Collector of Revenue for the State of Louisiana and the State of Louisiana, Appellees.**

No. 23589.

United States Court of Appeals
Fifth Circuit.

June 9, 1967.

Rehearing Denied July 7, 1967.

———◆———

Mitchell Rogovin, Asst. Atty. Gen., Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Harold C. Wilkenfeld, J. Edward Shillingburg, Attys., Dept. of Justice, Washington, D. C., Louis C. LaCour, U. S. Atty., Richard C. Pugh, Acting Asst. Atty. Gen., J. Edward Shillingburg, Attorney, Department of Justice, Washington, D. C., David J. Conroy, Guy C. Lyman, Jr., of Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., Walter F. Gemeinhardt, Asst. U. S. Atty., of counsel.

Chapman L. Sanford, General Counsel, D. of R., Emmett E. Batson, Asst. Gen. Counsel, D. of R., Cyrus A. Greco, Asst. Gen. Counsel, D. of R., Levi A. Himes, Albert S. Rose, Baton Rouge, La., for Department of Revenue, State of Louisiana.

Before HUTCHESON, COLEMAN and GOLDBERG, Circuit Judges.

PER CURIAM.

In 1951 Chrysler Corporation entered into a "facilities contract" with the United States Government whereby Chrysler undertook to equip the Government's Michoud Ordinance Plant, located in New Orleans, Louisiana, for the production of military tank engines. Pursuant to that agreement Chrysler acquired tangible personal property, valued at approximately 40 million dollars, upon which both the City of New Orleans (hereafter City) and the State of Louisiana (hereafter State) assessed a use tax against Chrysler.

Chrysler paid the taxes under protest. It did so pursuant to instructions of the United States which had agreed to reimburse Chrysler for the payments. Chrysler filed suit against the State in a Louisiana state trial court for refund of the taxes involved here, and the United States later intervened. The court found that Chrysler had been taxed illegally because the use tax was based on ownership, and under the facilities contract the United States, not Chrysler, was the owner of the property. Yet Chrysler did not recover the taxes because the court held that Chrysler had no standing to maintain the suit. Under the state statute providing for recovery of taxes illegally assessed and collected,[1] a right of action is created only for a "person aggrieved" by the collection of the tax. Chrysler was not aggrieved because it had been reimbursed. It therefore had no right of action, and the suit was dis-

---

1. LSA–R.S. 47:1576 provides: "A right of action is hereby created to afford a remedy at law for any *person aggrieved* by the prohibition of courts restraining the collection of tax, penalty, interest or other charges imposed in this Sub-title. *The person resisting the payment of* any amount found due by the collector, or of enforcement of any provisions of this Sub-title, *shall pay the amount* found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. * * *" (emphasis added).

missed. The intervention of the United States fell with the main demand.

The United States and Chrysler then instituted suit in the court below. The district court acknowledged that the taxes were collected illegally, but reiterated that the state statute did not provide Chrysler with standing to sue for recovery of the taxes. It held that the United States also lacked standing because it was not the person who had paid the taxes, as the statute requires. Summary judgment was granted for defendants. 247 F.Supp. 731 (E.D.La.1965).

Since the district court's opinion was handed down, another panel of this Court has decided a companion case in which Chrysler sought to recover the taxes it had paid to the City under the same reimbursement arrangement with the United States. City of New Orleans v. United States, 371 F.2d 21 (5th Cir. 1967). It was recognized in the companion case that neither Chrysler nor the United States were given standing to sue for refund by the city ordinance, which is substantially the same as the state statute involved here, because of the manner in which the illegal taxes were paid. However, it was held that the United States did not need to rely on the ordinance for standing: "Against the inequities of such a procedural trap, we think there is ample power in the United States District Court to protect the sovereign against such unjust enrichment on familiar principles of money had and received." 371 F.2d at 28. We are unable to distinguish that case from the one before us in any significant respect. The facts regarding ownership of the property, the arrangement of payment, the city ordinance and the state statute are

all substantially the same. The contentions raised here by the State therein were rejected. It is clear that the companion case, which expressly disapproved of the holding of the court below,[2] is controlling here. Accordingly, the summary judgment of the district court must be reversed.

Reversed.

---

**2.** The Court in City of New Orleans v. United States, supra, stated:

"This holding makes it inescapable for us to disapprove as to the United States the contrary conclusion in the companion case growing out of collection of $900,000 for Louisiana State sales and use tax, LSA–R.S. 47:301, on Chrysler's Michoud activities. United States v. Cocreham, E.D.La., 1965, 247 F.Supp. 731. Judge West, in a full opinion tracing the identical course of that case under a state tax refund statute, LSA–R.S. 47:1576, in all respects identical to the city ordinance * * * holds the parties, as do we, to the earlier judicial finding of ownership in the Government, not Chrysler. However, recovery was denied because the United States did not and could not comply with the tax refund statute, LSA–R.S. 47:1576."