LOTTINGER, Judge.
Defendants-appellants’ preemptory exception of prescription was overruled by the trial court. Plaintiff-appellee thereafter confirmed a default judgment against defendants, and defendants have appealed, raising the overruling of their preemptory exception of prescription as the only issue.
This is a suit by Northland Insurance Company based on the subrogation rights which arose out of an automobile accident involving their insured and an employee of the defendant, Kajan Specialty Company, Inc. The accident which was made a basis for the law suit occurred on November 26, 1969 involving an automobile being driven by Everett J. Allemand, which vehicle was insured by Northland Insurance Company, and a vehicle owned by Kajan Specialty Company, Inc., operated by Norman Rogers and insured by Travelers Insurance Company. It was alleged that Northland Insurance Company expended $3,195.00 under its collision policy provisions with its insured and that they were legally subro-gated to the insured’s rights. A separate suit had been timely filed within one year of this automobile collision by Mrs. Gloria Chaisson Allemand for personal injuries and wrongful death of her immediate family which occurred in the automobile accident. Plaintiff, Northland Insurance Company, filed their petition seeking recovery of property damage paid to replace the Al-lemand vehicle on December 3, 1970. This latter petition by Northland asked for a consolidation of the two suits. It was conceded by plaintiff, Northland Insurance Company, that its claim was filed more than one year from the date of the accident; however, plaintiff, Northland, al *519 leges that legal prescription had been interrupted by the timely law suit filed by Mrs. Gloria Allemand against the very same defendants and arising out of the same cause of action.
The sole issue before us is whether the timely filing of the suit for personal injuries and wrongful death by one plaintiff-subrogor interrupts the running of prescription as to another plaintiff-subrogee when both causes of action arise out of one and the same incident.
Appellants and appellee both used the same case of American Security Insurance Company v. Insurance Company of North America, 220 So.2d 163 (1969) in support of their respective positions. In that case, the Fourth Circuit Court of Appeals was faced with identical questions of fact. In that case it was held that suit by plaintiff’s insured did not serve to interrupt prescription against suit by plaintiff-insurer for the remainder of costs of repair of plaintiff’s insured’s automobile, and suit filed more than one year after the incident in question was barred by prescription. However, this case can be distinguished from the case before us in that the plaintiff-subrogee, American Security Insurance Company, brought suit after judgment was rendered in the case previously filed by its insured. Quoting from American Security Insurance Company v. Insurance Company of North America, page 166:
“This right to join in the pending action in our opinion could have been exercised after the expiration of one year from the date of the incident since the defendant’s position would not have been prejudiced nor the issues pending trial changed in any respect. Its position would have been no different than if Jenkins, the insured subrogor of a portion of the claim, had brought suit initially or by subsequent amendment of [the] petition for the full damage for himself and on behalf of his insurer, subrogee — a procedure long recognized in our jurisprudence.”
Further quoting from the American Security case at page 167:
“Jenkins might at any time after filing suit have amended his petition even after the year had run to include the amount due his subrogee. It must logically follow that if Jenkins could have done so for the plaintiff, the plaintiff could have intervened in his own behalf”.
In the Supreme Court Case of National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263 (1965), more than one year after the incident an injured employee intervened into a law suit in which hi.s employer was the plaintiff against the common tort fea-sor. The defendant tort feasor filed a preemptory exception of prescription as to the employee’s intervention. The Supreme Court held that the incident which gave occasion to both the original petition and the intervention was one single cause of action. It applied Acts 31 of 1960, R.S. 9:5801, which states:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed [within] an incompetent court, or in an improper venue, [the] prescription is interrupted as to the defendant served by the service of process.”
The court then viewed R.S. 9:5801 in the following light at page 268:
“LSA-R.S. 9:5801 supra, recites that all prescriptions affecting the cause of action sued upon are interrupted as to all defendants by the commencement of a civil action in a court of competent jurisdiction. Certainly the claim of Tyson (employee) affected the one cause of action alleged by plaintiff; it follows that any prescription applying to the filing of an intervention by Tyson (employee) *520 was interrupted by the timely filing of suit by the employer’s insurer, especially, as stated supra, when the intervention was filed before answer. We conclude that herein there can be no separate prescription which applies to rights of action as opposed to cause of action.”
There is obviously only one cause of action in the suit before us and the suit filed by Mrs. Gloria Allemand entitled Mrs. Gloria Chaisson Allemand et al vs. Kajan Specialty Company, Inc. et al, number 26288, 17th Judicial District Court, Parish of La-fourche. Said cause of action in both suits arose out of the same automobile accident. The property damages paid for by North-land in the case before us were occasioned by the identical same facts as the personal injuries and wrongful death sued upon by Mrs. Allemand. The entry of plaintiff, Northland Insurance Company, into this law suit does not retard the progress of the law suit, and, in fact, Northland asked for a consolidation of the two suits.
So, although the preemptory exception of prescription was upheld in the American Security case under a similar factual situation to that before us, the one distinction in that case and in the case before us is that in the American Security case the suit was not filed by subrogee until after judgment had been rendered in the first suit filed. It is obvious that in such a situation it is impossible to amend the petition after judgment to include the demand of the subrogee. In the case before us, the subro-gee’s suit was filed prior to trial of the first suit by subrogor, and subrogee asked for consolidation with the suit filed for injuries and death. Based on this distinction we find that the outcome herein should be different than that in the American Security case. We agree with the Lower Court in overruling the preemptory exception of prescription.
For the reasons assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed against the appellant, Northland Insurance Company.
Judgment affirmed.