376 So.2d 950 (1979)
ALLSTATE INSURANCE COMPANY (Melvin Moore), Intervenor-Appellant-Relator,
v.
Cyrus A. THERIOT et al., Defendants-Appellees-Respondents.
No. 63466.
Supreme Court of Louisiana.
October 8, 1979.
Rehearing Denied November 1, 1979.
*951 Robert N. Ryan, H. F. Foster, III, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant-respondent Empire Fire & Marine Ins. Co.
James L. Donovan, Porteous, Toledano, Hainkel & Johnson, New Orleans, for defendants-respondents.
Gerald J. Martinez, Metairie, for applicant-intervenor, Melvin Moore.
TATE, Justice.
Two principal issues are presented to us concerning the intervention under La.C. Civ.P. arts. 1091-94, an incidental action permitted by Article 1031 of the Louisiana Code of Civil Procedure of 1960:
I. If the principal action is dismissed, does the intervention fall also?
II. If the principal action in tort is filed within the prescriptive year but does not state a cause of action for the plaintiff, is an intervention that does state a cause of action for the intervenor prescribed, even though the action arises out of the conduct or occurrence set forth in the petition and even though the intervenor is closely connected in claim and relationship with the original plaintiff?
We answer both questions in the negative. Accordingly, we reverse the court of appeal and district court holdings to the contrary and remand the intervention for trial on its merits.

I.
The plaintiff ("Allstate") sued the defendants ("Theriot") in tort. Moore intervened, seeking personal injury damages arising out of the same accident. The court of appeal affirmed the dismissal of Allstate's suit, as stating no cause of action. Without discussion, it also held that the *952 intervention (which did state a cause of action) likewise fell because the principal action had been dismissed. 362 So.2d 1214 (La.App. 4th Cir. 1978).
We granted certiorari, 366 So.2d 559 (La. 1979), because the dismissal of the intervention on this ground was erroneous.
Prior to the enactment of the Code of Civil Procedure of 1960, the dismissal of the principal action did indeed result in the dismissal of an intervention. Chrysler Corporation v. City of New Orleans, 243 La. 498, 145 So.2d 11 (1962). However, as Chrysler notes, 145 So.2d 15, the pleadings in that suit were adopted prior to the enactment of the 1960 Code, especially Article 1039. Article 1039 deliberately changed this former rule. It provides that the dismissal of the principal action "shall not in any way affect the incidental action, which must be tried and decided independently of the principal action."
Comparing the pre-Code practice with that enacted by the 1960 Code, Dean McMahon stated that "an important change in the procedure governing the intervention" is made by Article 1039: "The dismissal of the principal demand does not affect any incidental demand in any way." McMahon, Summary of Procedural Changes in Chapter 6 ("Incidental Actions"), 3 West's LSA-Code of Civil Procedure 323, 324 (1960).
The intermediate court was therefore in error in dismissing the intervention simply because the principal action fell.[1]

II.
The trial court sustained an exception of prescription to the intervention by Moore.[2] Essentially, it did so because Moore's intervention, although based on the same facts and alleged negligence as the timely-filed principal action by Allstate, was instituted subsequent to the expiration of the prescriptive year for tort actions. La.Civ.C. art. 3536.
Allstate, alleging it was obligated to Moore for workmen's compensation benefits, initially sued Theriot in tort for certain injuries sustained by Moore. La.R.S. 23:1101.[3] Allstate alleged that Theriot's negligence in an automobile accident of March 6, 1974 had caused these personal injuries to Moore when Moore was returning from medical treatment for an earlier work-related injury. Allstate sought these damages on the basis that Theriot's negligence had aggravated the initial back injury suffered by Moore at work for his employer, Allstate's insured, and that Theriot's negligence had thus required Allstate to pay additional compensation benefits and medical expenses for this tort-caused aggravation of the initial injury. See 1 Larson on Workmen's Compensation Law, Section 13.13 (1978).
Moore intervened in this action. La.R.S. 23:1102. Based upon the same accident, the same negligence of Theriot, and the same injuries thereby received, Moore sought recovery *953 for his personal injuries and medical expenses resulting from this accident.
The intermediate court affirmed the dismissal of Allstate's principal demand, holding that it had no right or cause of action for aggravation of injuries resulting to Moore through the independent negligence of a third person. 362 So.2d 1214 (La.App. 4th Cir. 1978). We denied Allstate's petition for certiorari, 366 So.2d 599 (La.1979), three justices dissenting.
Allstate's original action was filed (on January 22, 1975) within the prescriptive year of the accident. La.Civ.C. art. 3536. Moore's intervention in Allstate's suit sought recovery of damages for the same personal injuries, based on the same facts of Theriot's negligence; it was filed (on August 17, 1976) after expiration of the prescriptive year.
The precise question before this court is whether the timely petition by Allstate against Theriot for damages arising out of the March 6, 1974 accident interrupted prescription in favor of the intervenor Moore, in spite of the fact that Allstate's petition was eventually held not to have stated a cause of action. We hold that prescription was indeed interrupted in favor of Moore.

III.
In National Surety Corporation v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965), we held that a timely-filed tort suit by an employer's compensation insurer under La.R.S. 23:1101-03 affords notice by legal demand as to the tort cause of action of both employer and employee. It thus interrupts prescription. The injured employee is therefore permitted, by post-year intervention in the employer's suit to assert his own claim for damages arising out of the same facts that gave rise to the tortious cause of action.
We there held that, for purposes of prescription and of La.R.S. 23:1101-03, there is only one principal cause of action. This is based on the facts of the tort-caused injury to the employee. Thus, the initial suit by either the employer or the employee interrupts prescription as to this cause of action, insofar as an intervention by the other in the principal suit is concerned. See also Marquette Casualty Company v. Brown, 235 La. 245, 103 So.2d 269 (1958).
The defendant contends, however, that in the instant case the initial suit by the insurer did not state a cause of action and thus did not interrupt prescription. The defendant relies on dicta in Callendar v. Marks, 185 La. 948, 171 So. 86 (1936), to the effect that prescription is not interrupted where an exception of no cause of action is sustained and the subsequent pleading sets forth another demand based on different (i. e., unrelated) grounds.
As the actual holding in Callendar illustrates, this dicta is inapposite to the present case. Prescription was there held to have been interrupted by the initial petition, which did not show negligence and fault and was thus dismissed as not stating a cause of action in tort. However, the initial petition did allege the factual occurrence (the collapse of a reservoir) for which the defendant was sought to be held liable. (The subsequent pleading for the first time alleged the defendant's negligence in the collapse.) The court held that the purposes of prescriptive interruption were thus served by the first petition since, despite its failure to state a cause of action, it "fully apprised [the defendant] of the nature of the claim of the plaintiff and what was being demanded of him." 171 So. 88.
Similarly, in the present case, Allstate's initial suit timely gave notice to Theriot by legal demand that claim was made against him for his negligence in the automobile accident which had caused (or aggravated) Moore's personal injuries. Theriot's defenses to the claim of his negligence and to Moore's injuries resulting from the automobile accident are substantially identical as to both the principal demand and the intervention.
Under La.R.S. 23:1101 as interpreted by National Surety, Allstate's timely suit against Theriot fully apprised him that judicial claim was being made to enforce his *954 liability for personal injuries caused to Moore by the accident in question. He thus received notice of the possibility that Moore himself might intervene in this suit. Prescription as to any claim for Moore's personal injuries, whether by Moore himself or by the insurer, was thus interrupted by the insurer's timely-filed initial suit.
Additionally, at the time Allstate's original suit was filed, Moore (the subsequent intervenor) was entitled to expect that Allstate's suit had interrupted prescription as to his own intervention, which claimed damages as a result of the "same" cause of action of which the defendant had timely notice through the initial demand by Allstate. National Surety Corporation v. Standard Accident Ins. Co., cited above. The intervention was thus not barred by prescription at the time it was filed. Consequently, the dismissal of the principal demand should have no effect upon the intervention. La.C.Civ.P. art. 1039. See Part I above.

IV.
As we stated in Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973): "When the defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted." 276 So.2d 264. See also La. R.S. 9:5801; cf., La.Civ.C. art. 3518.
It is true that, if (as in this case) the subsequent claimant is a different person than the original plaintiff, then to interrupt prescription the first suit must not only be based upon the same factual occurrence as is the subsequent claim by amended petition or intervention; the subsequent claimant must also be closely connected in relationship and identity of interest with the original plaintiff. Allstate Insurance Company v. Louisiana Gas Service Co., 354 So.2d 503 (La.1978) (affirming 344 So.2d 386 (La.App. 4th Cir. 1977) as correctly decided) (subrogor; subrogee); Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973) (dead person sued; survivors permitted post-prescription to appear); National Surety Corporation v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965) (insurer of employer; employee).[4] This test is here met. National Surety Corporation, cited above.
The underlying reason why prescription does not bar the subsequent claim in these instances is that the defendant has adequate and timely notice by legal demand on behalf of indicated interests that liability arising out of the factual occurrence pleaded is sought to be enforced against him. The fundamental purpose of prescription statutes is only to afford a defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or non-preservation of relevant proof. Nini, cited above; James and Hazard, Civil Procedure, Section 5.7 (2d ed. 1977); Comment, Developments in the Law: Statutes of Limitation, 63 Harv.L. Rev. 1177, 1185 (1950). None of these basic prescriptive values are offended when a subsequent claimant, closely connected in relationship and interest to the original plaintiff, enters the timely-filed suit to assert a claim based upon the same factual occurrence as that initially pleaded.

Decree
Accordingly, we reverse the judgments of the previous courts that dismissed Moore's intervention, and we remand this intervention to the district court for further proceedings. The defendants are cast with all trial and appellate costs relating to the dismissal of Moore's intervention; subsequent costs to be assessed at the termination of these proceedings.
REVERSED AND REMANDED.
*955 SUMMERS, C. J., dissents for the reasons assigned by BLANCHE, J.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
BLANCHE, Justice (dissenting).
In the first place, I do not agree with National Surety Corp. v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965). There, this Court permitted an injured employee to assert a claim for his own personal injuries in an intervention after it had prescribed. The workmen's compensation insurer's suit against the third party tortfeasors supposedly interrupted prescription for the injured employee on some sort of "cause of action notice theory." Hope v. Madison, 192 La. 593, 188 So. 711 (1939).
This case goes even further, because Allstate's petition did not even set forth a cause of action against the defendants and the factual connexity or identity of interest is less than the subrogation relationship between the insurer and compensation claimant in National Surety, supra. This writer would be hard pressed to create a hypothet where there would be multiple victims of a single tortious act by a tortfeasor where the ruling by the Court today would not require us to hold that suit by one tort claimant would interrupt prescription in favor of all potential claimants. In spite of the "closely connected in relationship and identity of interest" language in the majority opinion, the "cause of action" reasoning which comes to us from Hope v. Madison via National Surety Corp. will know no limits as applied in the case at bar. In this writer's opinion, this case sets a precedent which practically destroys the social interest which prescriptive laws seek to protect.
This writer takes the liberty of quoting from defendant's brief as illustrative of the mischief caused by the decision here.
"Suppose an accident involves a bus with 50 people, one of which files suit. Should prescription be interrupted as to the other 49? Suppose the suit is pending for 5 years, do the other 49 passengers have 5 years to assert a claim instead of 1 as the law directs?
"Suppose a stranger files suit, is prescription interrupted as to all 50? For 5 years? Forever?
"To ask the questions is to answer them. Prescription would become a meaningless word in the law . . ."
I respectfully dissent.
MARCUS, Justice (dissenting).
I am of the opinion that Allstate Insurance Company v. Louisiana Gas Service Company, 354 So.2d 503 (La.1978), and National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263 (1965), should be overruled. Moreover, in the instant case, Allstate failed to state a cause of action, and hence no interruption of prescription could occur in favor of Allstate or any other party in whose favor prescription may have otherwise been interrupted. La.R.S. 9:5801. Accordingly, I respectfully dissent.
NOTES
[1] The intermediate courts on at least two occasions have followed Chrysler's holding that the intervention falls with the dismissal of the principal demand and have overlooked that Chrysler concerned pleadings filed prior to enactment of the 1960 Code and Article 1039's deliberate abrogation of this former rule: Reed v. Thompson, 264 So.2d 302 (La.App. 3d Cir. 1972); Halleron v. United Companies Mort. & Inv. Co., 256 So.2d 475 (La.App. 2d Cir. 1972). These decisions and any others to similar effect are expressly overruled.
[2] In view of its erroneous holding that the dismissal of the main demand also resulted in the dismissal of the intervention, the court of appeal did not reach this issue. However, certiorari was granted to review this ruling also. La.Const. of 1974, Art. 5, Section 5(F).
[3] Allstate instituted this principal demand against Theriot by virtue of La.R.S. 23:1101. This enactment authorizes the employer of an injured employee (or his insurer) to sue a third person (such as a tortfeasor) who is also legally responsible to pay damages with respect to an injury for which workmen's compensation benefits are payable under the statute. The employee is entitled to intervene in the employer's suit and vice versa. La.R.S. 23:1102. The employer's (insurer's) recovery of damages, based on compensation benefits paid or due to the injured employee, is paid first from the proceeds of any tort recovery in favor of the claimant in the suit. La.R.S. 23:1103.
[4] For instances when a suit by one party interrupts prescription for another with a closely connected factual interest, see also, Northland Insurance Company v. Kajan Specialty Company, Inc., 277 So.2d 518 (La.App. 1st Cir.), cert. denied, 281 So.2d 744 (La.1973) (suit by subrogor insured for personal injuries interrupted prescription on subrogation claim for property damage by subrogee-insurer); Carona v. Radwin, 195 So.2d 465 (La.App. 4th Cir.), cert. denied, 250 La. 639, 197 So.2d 897 (La.1967) (third party demand by tortfeasor-defendant interrupted prescription on claim by original plaintiff against third party defendant).