381 So.2d 1255 (1980)
BROWN & ROOT et al.
v.
MISSOURI PACIFIC RAILROAD CO. et al.
No. 11092.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1980.
Rehearing Denied April 18, 1980.
Robert Henry Sarpy, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Monsanto Co. and The Travelers Ins. Co.
Esmond Phelps, II, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for Missouri Pac. R. Co.
*1256 Before REDMANN, LEMMON and SCHOTT, JJ.
REDMANN, Judge.
Free-rolling cars of Missouri Pacific Railroad damaged Brown & Root equipment and Monsanto facilities on April 5, 1976. On March 31, 1977, Brown & Root and its insurer sued Missouri Pacific, which on May 23 reconvened for its damages and also third-partied Monsanto for those damages and for indemnity or contribution. Monsanto answered on July 29, 1977, and almost a year later, on June 16, 1978, it filed an "intervention or reconventional demand" for its own damages against Missouri Pacific. Monsanto now appeals from a judgment dismissing that last demand as prescribed. We affirm.
We first note that La.C.C.P. 424's allowance of a prescribed claim as a defense is not determinative because (prior to La.Acts 1979 No. 431) Missouri Pacific's claim against Monsanto can only succeed if no negligence by Missouri Pacific contributed to the accident and, in that case, Monsanto's claim for Missouri Pacific's negligence must fail. If, on the contrary, Missouri Pacific was negligent and thus Monsanto's claim is valid, then Missouri Pacific's claim must fail. In either case, Monsanto's claim cannot be valid as a defense or offset under C.C.P. 424, although it could be valid in its own right if it is unprescribed.
It is, however, prescribed by the one-year tort prescription of La.C.C. 3536. La.R.S. 9:5801[1] does not save Monsanto's petition because the original petition by Brown & Root did not interrupt prescription except as to "the cause of action therein sued upon," which was Brown & Root's own cause of action and not Monsanto's cause of action: the damage to Monsanto's facilities is an essential element of Monsanto's cause of action but is not an element of Brown & Root's cause of action.
Allstate Ins. Co. v. Theriot, La.1979, 376 So.2d 950, traces and explains the correct application of R.S. 9:5801. Beginning with National Surety Corp. v. Standard Acc. Ins. Co., 1965, 247 La. 905, 175 So.2d 263, Theriot notes that in every case the late-filer sued upon a claim already presented, in part, by the original petition. In National Surety, for example, the workmen's compensation insurer's demand for reimbursement from the third-party tortfeasor presented every element of the late-filing injured employee's cause of action under C.C. 2315: fault of the tortfeasor, causation, and damage to the employee. The employee's late-filed petition did not allege a different cause of action, with an essential element foreign to the cause of action stated by the insurer's petition: National Surety is comparable to the case of a tort victim who timely demands specified damages and then, over a year after the accident, amends to seek greater damages. Our case, on the other hand, is comparable not to the late filing by the employee in National Surety but to a late filing, say, by a stranger (not paid benefits by the insurer) who happened to be hurt by the same tort.
Similarly, in Allstate Ins. Co. v. Louisiana Gas Serv., La.1978, 354 So.2d 503, affirming La.App. 4 Cir.1977, 344 So.2d 386, the timely cause of action was that of an insurer asserting by subrogation part of the late-filer's cause of action.
Theriot, 376 So.2d at 954, n. 4, explains two Court of Appeal cases similarly, including Carona v. Radwin, La.App. 4 Cir.1967, 195 So.2d 465, writ refused 250 La. 639, 197 So.2d 897. In Carona the timely third-party demand by a tort defendant for contribution necessarily included all elements of the plaintiff's cause of action in tort against the third-party defendant; thus, when plaintiff added the third-party defendant as a defendant over a year after the accident, plaintiff's cause of action against the third-party defendant had already been sued upon by the timely third-party demand (notwithstanding that the third-party demand failed because the original defendant *1257 was held not a joint tortfeasor: indeed, had he been, interruption of prescription as to all joint tortfeasors by suit against any, C.C. 3552, would have made reliance on R.S. 9:5801 unnecessary).
R.S. 9:5801 only saves a late-filer from prescription when the late-filer's own cause of action has been sued upon in a timely-filed demand. That is not our situation. Monsanto's damages were not sued for by Brown & Root's timely petition. The cause of action for Monsanto's damages prescribed upon the passage of one year after the accident.
Affirmed.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurring and assigning reasons.
The decision in this case extends the holding of Allstate Ins. Co. v. Theriot, cited above. The Theriot case involved a subsequent claimant who was "closely connected in relationship and identity of interest with the original plaintiff"; this case does not.
The rationale of the Theriot decision loses its logic if extended to a subsequent claimant whose demand is completely unrelated to the timely filed demand of the original claimant. Furthermore, under the notice approach utilized in the Theriot decision, Brown & Root's petition did not fully apprise Missouri Pacific of a claim to enforce its liability for damages caused to Monsanto.
If Monsanto had filed its demand within 90 days from service of the third party demand, a different result might obtain. That issue, however, is not presented by the facts of this case.
NOTES
[1] All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. . . .