DUFRESNE, Judge.
This matter arises from an injury sustained by David W. Streety, Jr., appellant, on April 25, 1974. At the time of the accident, David W. Streety, Jr. was employed by Lafourche Repair Service. Travelers Insurance Company, the compensation carrier for Lafourche Repair Service, paid benefits to the appellant under the auspices of the Longshoremen’s and Harbor Workers’ Compensation Act, 33 U.S.C. § 901, et seq.
On April 25, 1975 Travelers Insurance Company filed suit against Frederick Towing Co., Inc.[1] and Highlands Insurance Company alleging that Frederick Towing caused or substantially contributed to the appellant’s injury. Subsequently, on April 22, 1977, the appellant filed a Petition of Intervention in this action asserting claims against Frederick Towing Corporation as a third party tortfeasor.
On October 16, 1980 the appellees, Frederick Towing Corporation and Highlands Insurance Company, filed an Exception of Prescription. The District Court upheld the exception and dismissed the appellant’s Petition of Intervention. The intervenor has appealed. We reverse the trial court’s sustaining of the exception of prescription and dismissal of Mr. Streety’s intervention.
The issue before this court is whether a timely filed suit by an employer’s compensation carrier against a third party tort-feasor interrupts prescription as to an intervention by the injured employee filed two years and four months from the time of the filing of the insurer’s suit and three years and four months from the date of the accident.
The appellees base their plea of prescription upon La. R.S. 9:5801 which provides in part:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts by the commencement of a civil action in a court of competent jurisdiction and in proper venue.”
They cite a federal case, Holden v. Placid Oil Co., 494 F.Supp. 292, 296 (E.D. La. 1980) which contends that if a suit is timely filed within the prescriptive period, prescription is “interrupted” and a “new statutory period” begins. Holden defines an “interruption” of liberative prescription as merely stopping the time clock and starting the prescriptive period to run once again from the time of the interruption. We disagree with this interpretation of an interruption of prescription. When a prescriptive period is “interrupted”, the time clock stops for the party suing and for those parties who “benefit” from the interruption. Thus, in this case we must decide whether David Streety benefits from the timely filed suit of his employer’s compensation insurer for amounts it has paid to Mr. Streety under the Longshoremen’s and Harbor Workers’ Compensation Act. Under the circumstances of this case, we think the employee does benefit from the timely filed suit of the compensation carrier.
*42 We refer to Allstate Insurance Co. v. Theriot, 376 So.2d 950, 954 (La. 1979) for the criteria as to whether there has been an interruption of prescription as to Mr. Streety’s intervention. Allstate requires that the first suit must be based upon the same factual occurrence as the subsequent claim by intervention and that the subsequent claimant be “closely connected in relationship” and have “identity of interest” with the original plaintiff. If these elements are present, the purposes of prescription, that of providing adequate notice to a defendant and avoidance of undue prejudice in preparation of defenses, may be satisfied. Allstate, supra.
Applying the above principles to the case at bar, we find that prescription has been interrupted as to Mr. Streety’s intervention. Mr. Streety’s intervention is based on the same factual occurrence as that initially pleaded by Travelers Insurance Company.
There is also relationship and identity of interest between compensation carrier, Travelers Insurance Company, and the injured employee, Mr. Streety since in a compensation suit such as the case at bar, the possible plaintiffs are related not only by the contract of employment but also by the compensation act (in this case the Longshoremen’s and Harbor Workers’ Compensation Act) and share in the damage award based upon the tort committed against the injured employee. When an employer, the employer’s compensation insurer, or an employee timely sues a tortfeasor based on an injury covered by a compensation act, a defendant is put on notice that the law also provides a remedy to the other. Malone & Johnson, Workers’ Compensation. § 367 La. Civ. L. Treatise, 1982 Suppl. 18-21 (2nd Ed. 1980).[2] Thus, we find that the legal demand of the plaintiff, Travelers Insurance Company, gave adequate notice to the defendants, Frederick Towing Corporation and Highlands Insurance Company, of the injuries sustained by David W. Streety, Jr., and prescription has been interrupted as to Mr. Streety’s intervention.
The appellees’ plea of prescription is overruled, and this matter is remanded to the trial court for further proceedings in accordance with law. The defendants-appel-lees are east with all trial and appellate costs relating to the dismissal of appellant’s intervention.
REVERSED AND REMANDED.

. Frederick Towing Corporation is its correct name.

. If in certain circumstances a defendant can show that he will be prejudiced in his defense, and the subsequent litigant is not able to show a reasonable excuse for the delay, then the claim should be dismissed. Malone & Johnson, supra at 21.