SAVOIE, Judge.
Plaintiff-appellant’s tort claim was dismissed on a peremptory exception on prescription. She appeals.
The issue presented is whether a suit for personal injuries incurred by a third-party driver filed in Federal District Court within one year of the accident, interrupts prescription of appellant’s claim against the same defendants. Appellant sued for property damage resulting from the same accident but filed in state district court more than one year after the accident.
Appellant’s suit arose out of a January 24, 1978 accident. The third-party driver filed suit in Federal District Court against the above-captioned defendants within one year after the accident. Appellant filed suit in state district court for damages to her vehicle on January 25,1979. A peremptory exception of prescription was filed by appellees. Appellant urged that the institution of suit in Federal District Court interrupted prescription in state district court. The trial court sustained appellee’s exception, dismissing appellant’s suit. We affirm.
L.S.A.-R.S. 9:5801 provides that:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, ..., by the commencement of a civil action in court of competent jurisdiction and in the proper venue. .. . ” (Emphasis added).
We first determine whether the suit filed in Federal District Court is the cause of action therein sued upon in the state district court. The Third Circuit, when presented with a similar situation, found the claims for property damage to the insured’s vehicle and personal injuries to a passenger to be two distinct causes of action. Liberty Mutual Insurance Company v. Brawner, 353 So.2d 487 (La.App. 3rd Cir.1977). Here, the third-party driver’s cause of action was based on a physical injury she sustained; appellant’s, on the damage to her vehicle. Therefore, as appellant’s cause of action was not the cause of action sued upon in the Federal District Court, her cause of action was not *1361 interrupted. We next determine whether her claim has prescribed.
It is well settled in Louisiana that a plaintiff’s cause of action in tort prescribes by one year. L.S.A.-C.C. 3536. As appellant filed suit more than one year after the accident, her cause of action has prescribed.
Appellant cites Allstate Insurance Company v. Theriot, 376 So.2d 950 (La.1979), as standing for the proposition that once a defendant is put on notice, prescription is interrupted as to all subsequent claims arising out of the same accident. Theriot deals with an intervention in a workmen’s compensation case. In the instant case, appellant has not intervened in the suit filed in Federal District Court. Therefore, Theriot is inapplicable.
For the foregoing reasons, judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant.
AFFIRMED.