GUIDRY, Judge.
Richard and Bessie Johnson appeal from a judgment sustaining an exception of prescription, the effect of which was to dismiss their demands for damages sustained as a result of a fire. The fire involved two houses, 2157-A and 2157-B Wise Street in Alexandria, Louisiana. Both houses were owned by the Johnsons. They occupied the house at 2157-A. 2157-B was rented to Laney Hunter and occupied by several individuals including her daughter, Kim Marie Hunter. The fire occurred on July 19, 1980 and resulted in the destruction of both houses and the death of Kim Hunter.
On June 29,1981, Laney Hunter filed suit for damages sustained by her as a result of the above fire including the wrongful death of Kim Marie Hunter. Named as defendants were Richard Johnson; City of Alexandria; Alton Brooks, an employee of the City; and Home Insurance Company, the City’s insurer. On February 2, 1982, the petition of Laney Hunter was amended to include Frank Hunter, father of Kim Hunter, as additional party plaintiff and to limit the named defendants to Richard Johnson and the City. Defendants asserted an exception of prescription to the claim of Frank Hunter which was denied. On July 14, 1982, after trial on the merits, without any appearance having been made on behalf of Richard Johnson, judgment was signed in favor of the Hunters and against the City of Alexandria. On August 23, 1982, a compromise was effected between the Hunters and the City, and the Hunters signed a release and satisfaction of judgment.
On September 8, 1982, more than two years from the date of the fire, more than one year from the filing of the Hunter petition, and 40 days after the judgment was signed, Richard Johnson filed an answer and third party demand (which is in fact an intervention) to the original suit. In this pleading, Bessie R. Johnson also intervened. In their third party demand, the Johnsons seek to assert claims against the City, Alton Brooks and Home Insurance Company for damages allegedly sustained by them as a result of the fire of July 19, 1980. The defendants interposed an exception of prescription, which the trial judge sustained, dismissing the demands of the Johnsons. The Johnsons have appealed.
We first note that at the time of the Johnsons’ intervention, final judgment had been signed in favor of the Hunters against the City and this judgment had been compromised. A judgment which determines the merits in whole or in part is a final judgment. La.C.C.P. Art. 1841. A final judgment is definitive when it has acquired the authority of the thing adjudged. La.C.C.P. Art. 1842. A compromise or transaction has, between the interested parties, a force equal to the authority of things adjudged. La.C.C. Art. 3078. It therefore appears that the judgment against the City was definitive. On the other hand, Johnson never answered or made an appearance, there was no default taken against him and the judgment rendered was silent as to him. However, the action was not abandoned. La.C.C.P. Art. 561. A third person is allowed to intervene in a “pending action” by joining with the plaintiff in demanding similar relief against the defendant. La.C.C.P. Art. 1091. Although it appears that the action of the Hunters against Johnson was still pending, the action of the Hunters against the City was not still pending. The action had acquired the authority of the thing adjudged and as such was a partial final and definitive judgment. The Johnsons could not intervene by joining with the Hunters in their demand against the City since that action was no longer pending. Furthermore, the Johnsons’ incidental demand was filed without leave of court. An incidental demand may be filed after answer to the principal demand only with leave of court and only if it will not retard the progress of the principal action. La.C.C.P. Art. 1033. See also Thibeaux v. State Farm Mutual Automobile Ins. Co., 285 So.2d 363 (La.App. 3rd Cir.1973), writ denied 287 So.2d 191 (La.1974); *648 Louisiana Power & Light Company v. Charpentier, 165 So.2d 614 (La.App. 1st Cir.1964); General Motors Acceptance Corporation v. Jordan, 65 So.2d 627 (La.App. 1st Cir.1953); and Gorman v. Gorman, 158 La. 274, 103 So. 766 (1925).
Nevertheless, whether the petition filed by the Johnsons be considered an intervention or a separate action, we find that the trial judge properly sustained the exception of prescription.
Actions for offenses and quasi-offenses prescribe by the prescription of one year. La.C.C. Art. 3536. The Johnsons however argue that the prescription running against their claim against the defendants was interrupted by the Hunters’ timely suit relying primarily on Allstate Insurance Company v. Theriot, 376 So.2d 950 (La.1979). In that case, the Supreme Court held that a timely suit by a compensation carrier for reimbursement of compensation paid to an injured employee interrupted prescription running against the employee’s own tort action. The court recognized that the fundamental purpose of prescription statutes is to encourage prompt resolution of disputes by giving adequate notice to the proposed defendant and by avoiding undue prejudice in his defense of the claim against him. The court concluded that even though the subsequent claimant is a different person from the original plaintiff, if the first suit is based on the same factual occurrence and if the subsequent claimant is closely connected in relationship and identity of interest with the original plaintiff then the requirements of notice may be met.
In the present case, although both claims were based upon the same factual occurrence, the trial judge properly concluded that the Johnsons’ claims are not closely connected in relationship and identity of interest with the original plaintiff so as to serve as adequate notice to the defendants. Notice to the defendants that there were injuries to the Hunters and what the extent of those injuries might be is not notice that there were necessarily injuries to the John-sons or what the extent of those injuries might be. The relationship of lessor and lessee that existed between the Hunters and the Johnsons is in no way pertinent to their claims against the defendants for damages sustained separately as the result of the same tort. See Brown & Root v. Missouri Pacific Railroad Company, 381 So.2d 1255 (La.App. 4th Cir.1980), writ refused, 385 So.2d 794 (La.1980). Cullivan v. State Farm Mutual Automobile Insurance Company, et al., 428 So.2d 1231 (La.App. 3rd Cir.1983), writ denied.
In Theriot and the cases relied upon therein, the late-filer sued upon a claim already presented in part by the original petition. These were cases where the relationship was that of subrogor-subrogee, Allstate Insurance Company v. Louisiana Gas Service Co., 354 So.2d 503 (La.1978); insurer of employer-employee, National Surety Corporation v. Standard Accident Ins. Co., 247 La. 905, 175 So.2d 263 (1965); and employer-employee, Theriot, supra. Here, there is no such identity of interest between the Hunters and the Johnsons. Therefore, the prescription running against the Johnsons’ cause of action was not interrupted and the claim prescribed upon the passage of one year after the fire.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against Richard and Bessie Johnson.
AFFIRMED.