CHARLES R. JONES, Judge.
hThe Appellant/Intervenor seeks review of an adverse district court judgment, which denied her request to be added as co-plaintiff in a medical malpractice action because the prescriptive period to file her claim had run. We Reverse.
*263 This appeal arises from a medical malpractice action brought by Joseph Matran-ga, III, the father of Joshua Matranga. The suit alleges improper treatment of Joshua, who was brought to Children’s Hospital on July 28, 1999, and died eight days later on July 31,1999.
Mr. Matranga and the Appellant, Jodi Caronna, were married in 1979. Three children were born of this union: Jaclyn, Joseph, and Joshua. Joshua was admitted to Children’s Hospital upon presentation for treatment of “non-Hodgkin’s lymphoma/Burkitt’s lymphoma,” which the Petition alleges is a “treatable and curable disease.” Mr. Matranga and Ms. Caronna divorced in 1991.
After Joshua’s death, Mr. Matranga filed a complaint with the Louisiana Patient’s Compensation Fund on July 17, 2000. Subsequently he- filed- a First Supplemental and Amended Complaint on May 9, 2001, and added additional healthcare providers as defendants.
LA Medical Review Panel convened to render an opinion regarding the actions of Children’s Hospital and Dr. Alan Robson, the private medical care provider, named as defendants in the complaint. However, the Medical Review Panel concluded that the evidence did not support the allegation that the standard of care had been breached by either Children’s Hospital or Dr. Robson.
Mr. Matranga filed his original Petition for Damages on September 5, 2002, in Civil District Court for the Parish of Orleans. In the suit, he named Children’s Hospital, Dr. Robson, and St. Paul Fire and Marine Insurance Company as defendants.
On May 7, 2004, a second Medical Review Panel was convened to address the allegations made against Dr. Lisa Fuller, another treating physician. However, the Panel, again, concluded, that the evidence did not support the allegation that the standard of care had been breached. In response, Mr. Matranga filed a First Supplemental and Amending Petition for Damages, adding Dr. Lisa Fuller, Dr. David Ode, Dr. Rajsekharan Warrier, Dr. Aarati Rao, and Dr. Matti Vehaskari as defendants.
On April 26, 2005, the Appellant filed her Petition of Intervention seeking to be recognized as a co-plaintiff in the suit. In her Petition, she adopted all of the allegations made by Mr. Matranga in his First and Supplemental Amending petitions. The Appellant also averred that since the allegations in her Petition of Intervention arose out of the same conduct, transaction, or occurrence set forth in Mr. Matranga’s original Petition, she argued that her Petition of Intervention related back to the filing of the original Petition filed by Mr. Matranga.
|sDr. Fuller, Dr. Ode,[1] Dr. Warrier, and Dr. Rao filed an Answer to the Appellant’s Petition of Intervention. ' In the Answer they essentially argued that the Appellant’s Petition of Intervention was barred by prescription.
On July 25, 2005, Dr. Rao, Dr. Ode, Dr. Robson and Children’s Hospital,, the original named defendants, filed an Exception of Prescription. After a hearing on the exception, the district court subsequently granted the exception on March 10, 2006, thereby dismissing the Appellant’s claims against the defendants, with prejudice. This timely appeal followed.
In her first assignment of error, Ms. Caronna argues that the district court erred in granting the Appellees’ exception *264 of prescription in response to her “post-prescription” petition of intervention.
Recently, in Katz v. Allstate Ins. Co., 2004-1133, (La.App. 4 Cir. 2/2/05), 917 So.2d 443, this Court reiterated the standard of review for a peremptory exception of prescription as follows:
“[i]n reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Davis v. Hibernia National Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61. When evidence is received on the trial of the peremptory exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard as articulated in Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993).
Further, “the standard controlling review of a peremptory exception of prescription requires that this court strictly construe the statutes ‘against prescription and in favor of the claim that is said to be extinguished.’ ” Security Ctr. Prot. Servs., Inc. v. All-Pro Security, Inc., 94-1317, 94-1318 (La.App. 4 Cir. 2/23/95), 650 So.2d 1206, 1214 (quoting Louisiana Health Service v. Tarver, 93-2449 (La.4/11/94), 635 So.2d 1090, 1098).
14When an exception of prescription is filed, ordinarily, the burden of proof is on the party pleading prescription. However, if prescription is evident on the face of the pleadings, as it is in the instant case, the burden shifts to the plaintiff to show the action has not prescribed. Spott v. Otis Elevator Company, 601 So.2d 1355 (La.1992); Eastin v. Entergy Corp., 03-1030 (La.2/6/04), 865 So.2d 49.”
Katz v. Allstate Ins. Co., 917 So.2d at 444-45.
In the present action, Mr. Matranga’s Petition for Damages was filed on September 5, 2002, while the Appellant’s Petition of Intervention was filed on April 26, 2005, nearly two and one half years after the original Petition was filed.
Dr. Fuller and Children’s Hospital contend that Ms. Caronna’s Petition of Intervention is prescribed on its face, arguing that the three year preemptive period, provided for in La. R.S. 9:5628(A),[2] expired on July 31, 2002. Additionally, Dr. Fuller argues that the Petition of Intervention is prescribed on its face, pursuant to La. C.C.P art. 1067. Lastly, Dr. Fuller argues that the “relation back” doctrine set forth in La. C.C.P. art 1153, does not apply to Ms. Caronna’s intervention, rather, Dr. Fuller contends that the “relation back” doctrine applies to amendments only, and that amendments cannot be made without the participation of the party or parties to the pleading sought to be amended.[3]
*265 lfiIn support of her argument, Ms. Car-onna points out that La. R.S. 9:5628(A) is not applicable to this matter. She contends that prescription was interrupted when the claim was filed with the Patient’s Compensation Fund and the subsequent lawsuit was filed by Mr. Matranga. She avers that she filed the Petition of Intervention to enforce her right to be a co-plaintiff in the original suit.
In support of her argument, the Appellant also cites Allstate v. Theriot, 376 So.2d 950 (La.1979). In Theriot, Allstate, in its capacity as a worker’s compensation insurance carrier, brought suit against Theriot, who was a motorist in an automobile accident. Specifically, Allstate sued Theriot for aggravation of pre-existing work-related injuries sustained by its insured (Moore) as a result of the accident. Allstate alleged that as a result of Theriot’s negligence, it was forced to pay additional medical and worker’s compensation benefits to Moore. Moore subsequently intervened seeking damages for the medical expenses and injuries he sustained as a result of the accident.
The defendants filed exceptions of No Cause of Action and Prescription. The district court ultimately maintained the defendants’ exceptions, and Allstate’s principal demand, along with Moore’s suit, were dismissed. The Court of Appeal affirmed the district court, holding that Allstate did not have an independent cause of action for aggravation of Moore’s personal injuries. Moore brought a writ of certiorari to the Louisiana Supreme Court.
Reversing both the district court and the Court of Appeal, the Supreme Court held that: (1) the district court erred in dismissing the intervention simply because the principal action fell, Id. at 952; (2) the timely petition by Allstate for damages arising out of the accident interrupted prescription in favor of the intervenor, in spite of the fact that the insurer’s petition was eventually held not to have stated a | ficause of action, Id. at 953; (3) if [a] subsequent claimant is a different person than the original plaintiff, then to interrupt prescription the first suit must not only be based upon the same factual occurrence as is the subsequent claim by amended petition or intervention; (our emphasis) Id. at 953-54; and (4) the fundamental purpose of the prescription statute is only to afford defendant security of mind and affairs if no claim is made timely, and to protect him from stale claims and from the loss or nonpreservation of relevant proof. Id. at 954.
In addition to Allstate, the Appellant also cites Giroir v. South Louisiana Medical Center, Div. Of Hospitals, 475 So.2d 1040 (La.1985). In Giroir, the husband of a patient brought both survival and wrongful death actions against the doctors and hospital who treated his wife. Subsequently, the actions were amended to add major children as plaintiffs and to change the husband’s capacity in the survival action from administrator of the estate to that of an individual, after prescription had run. After trial, the defendant hospital filed exceptions of prescription and preemption arguing that the amendment adding the Giroir children as plaintiff was not filed within one year after their mother’s death.
The district court overruled the hospital’s exception and rendered favorable judgments for the husband, as administrator and in his individual capacity, to bring the wrongful death action. The district *266 court also rendered judgment in the children’s favor as to the wrongful death claim. The hospital subsequently appealed arguing that the district court erred in overruling its exceptions of prescription and preemption with respect to the children’s claims. The Court of Appeal reversed in part, amended in part and as amended, affirmed. Id. at 1042.
On writ of certiorari, the Louisiana Supreme Court held that: (1) the amendment which changed the capacity in which the husband brought the survival faction related back to the date of filing of the original petition, Id. at 1044, and (2) the amendment to add the major children’s wrongful death and survival actions related back to the date of filing of the original petition. Id. at 1045.
Specifically, in Giroir, the Supreme Court reiterated the test that it established two years prior in Ray v. Alexandria Mall, 434 So.2d 1083 (1983),[4] which set forth four criteria in which an amendment seeking to substitute or add a plaintiff will relate back to the original demand. These criteria are:
(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense. See Ray v. Alexandria Mall, supra p. 1087; Leachman v. Beech Aircraft Corp., 694 F.2d 1301 (D.C.Cir.1982); Hockett v. American Airlines, 357 F.Supp. 1343 (N.D.Ill.1973); Williams v. United States, 405 F.2d 234 (5th Cir.1968); Paskuly v. Marshall Field Co., [494 F.Supp. 687], supra; Bujtas v. Henningsen Foods, Inc., 63 F.R.D. 660. (S.D.N.Y. 1974); 3 Moore’s Federal Practice § 15.15[4-1] at 15-220 (1982).
Giroir, 475 So.2d at 1044.
Considering the jurisprudence relied upon by the Appellant, we find that Ms. Caronna’s interest in being a party to the original lawsuit is valid. We find that the issue before this Court is a question of whether the Appellant’s Petition for Intervention relates back to the original petition. For this reason, we agree with the Appellant that Giroir, and not La. R.S. 9:5628(A), is applicable to the matter sub judice.
| ^Borrowing the Supreme Court’s test from Giroir, the record indicates that the Appellees in this matter knew or should have known of the Appellant because her name appears on the medical records which document Joshua’s medical care and treatment, prior to the filing of Mr. Matranga’s suit. The record also indicates that the Appellant was Joshua’s custodial parent, rather than Mr. Matranga. Finally, the record also indicates that Joshua’s medical records clearly list the Appellant as Joshua’s mother. Considering that the Appellant’s status, as Joshua’s biological parent, puts her in an identical standing as the original plaintiff, Mr. Ma-tranga, the Appellees are not prejudiced by the Appellant’s addition to the suit as a plaintiff. Therefore, based upon the record; we agree with the Appellant that the defendants knew or should have known of her interest in the claim and should have anticipated that she could, if she chose to, *267 raise her own claim or join any suit which arose out of the death of her child.
While Dr. Fuller and Children’s Hospital vigorously argue that Ms. Caronna’s intervention was untimely and that intervention does not relate back, we find that these arguments are not persuasive. The Appellant, given the fact that she was Joshua Matrangas’s biological mother, would certainly have an interest in any lawsuit arising out of his death, given the criteria set forth by the Louisiana Supreme Court’s decision in Giroir v. South Louisiana Medical Center, Div. Of Hospitals, supra.
Thus, based upon the above jurisprudence, we find that Appellant’s first assignment of error has merit and hold that the Appellant’s claim relates back to the filing of the original claim by Mr. Matran-ga.
In her second assignment of error, the Appellant argues that the district court erred in its reliance on obiter dictum in Traylor v. Reliance Insurance Co., 1998-1379 9(La.App. 4 Cir. 7/1/98), 715 So.2d 1253. In Traylor, the plaintiffs Mr. and Mrs. Traylor, individually and on behalf of their minor son, filed a personal injury action for injuries they sustained as a result of an auto accident. Named as defendants were the driver of the vehicle, the driver’s employer, and the employer’s insurer. About two years after the original suit was filed, the mother of Mr. Traylor’s alleged illegitimate acknowledged daughter was granted leave by the district court to intervene on her daughter’s behalf for loss of consortium. The defendants, in turn, filed an exception of prescription alleging that the intervenor failed to timely file her Petition of Intervention. The district court overruled the defendants’ exception and the defendants filed a writ application with this Court seeking to have the district court ruling reversed. This Court held that: (1) the intervention was filed more than 90 days after the main demand, Id. at 1255; (2) the petition did not relate back to the filing of the original petition, Id. at 1256-57; and (3) the daughter’s minority did not suspend the running of prescription even though she could not proceed until a tutor had been appointed for her. Id. at 1257.
The Appellant argues that Traylor is not applicable to the instant appeal. She argues that although the ruling in Traylor allows post-prescription amendments only to an original petition, the Supreme Court has ruled, in Giroir v. South Louisiana Medical Center, Div. of Hospitals, supra, that both post-prescription amendments and interventions would be allowed if all four criteria set forth in Giroir are met.
In Traylor, this Court indicated that although the intervention successfully met three of the four Giroir criteria, the second criteria, (i.e., the defendant either knew or should have known of the existence and involvement of the new plaintiff), was not met. This Court opined:
holt is significant that the Giroir court found that the defendant had actual notice of the potential additional plaintiffs. In the instant case the respondent-inter-venor does not contend that the relators-defendants had timely actual notice of the existence of Traylor’s illegitimate daughter. Moreover, the defendants would not have inferred the possible existence of the illegitimate intervenor in the instant as the Giroir court suggested might be done under the facts of that case. In this case, where Robert Tray-lor filed suit not only on behalf of himself, but also on behalf of his minor son, any reasonable defendant would infer (in a manner analogous to the legal maxim, “inclusio unius est exclusio alterius”) that had Traylor had additional progeny he would have included them in the suit. *268 Of course, the existence of additional illegitimate children is always a possibility, but only in the sense that anything is possible. The fact that there is always the vague and remote possibility of the existence of unknown illegitimate offspring is not such notice of the “existence and involvement of the new plaintiff’ as would satisfy the second Giroir requirement. Nor is there any indication that “the facts in the original petition gave defendants notice” as the court in Giroir found to be the case.
Traylor, 715 So.2d at 1256.
Additionally, the Appellant argues that the district court erred by its reliance on the obiter dictum in Traylor. In Traylor, this Court also indicated that:
[I]n Giroir the court was dealing with La. C-C.P. art. 1153 which specifically provides for the relation back of an amended petition. The intervention in the instant case did not take the form of an amended petition. We recognize that it is not always the caption on a pleading that determines its substance. In that regard, intervenor argues that because intervenor could have been joined as a plaintiff in the original petition, or added later by an amendment as was done in Giroir (assuming the amendment was either within-the prescriptive period or was beyond the prescriptive period, but met the four Giroir requirements and, therefore, related back) the intervention should be treated as an amended petition and not as an intervention. The fact that the intervention was not entitled “Amended Petition” or “Supplemental Petition” is not the reason this Court finds that the intervention in the instant ■case is not an amended petition under LSA-C.C.P. art. 1153, although it is an indication l^that the intervenor did not believe it to be such at the time it was filed. Instead this Court finds that the intervention is not an amendment in substance. An amendment to a pleading cannot be made unilaterally without the participation of the party or parties to the pleading sought to be amended. The original plaintiffs did not participate in the intervention. Intervenor does not contend that the original plaintiffs have annexed or incorporated the intervention into their claims. The attorneys handling the intervention are not the same attorneys as those handling the claims of the original plaintiffs. The attorneys for the original plaintiffs have gone on record as opposing the intervention if it should retard the progress of the main demand. The fact that inter-venor could have been added by the original plaintiffs to their suit by way of amendment to their original petition does not make the intervention an amendment-and La. C.C.P. art. 1153 applies only to amendments.
Traylor, 715 So.2d at 1256-57.
We find that the Traylor ruling is distinguishable and unique to its own set of facts in that the intervenor, who was an alleged illegitimate child,[5] could not have reasonably been foreseen as a party plaintiff in the suit.[6] In the instant appeal, the Appellant/Intervenor is undeniably identical in status, as a biological parent, to the party who filed the original claim.
Additionally, this Court certainly cannot ignore the fact that all of the Giroir criteria have been met in the instant appeal. Furthermore, the Allstate case, supra, which upheld an intervenor’s post-pre *269 scription intervention even though the principal demand was dismissed, allowed the intervenor’s action to proceed on the basis that his claim arose out of the same transaction and occurrence as the principal demand. For these reasons, we agree with the Appellant and find that her right to intervene in the suit should have been maintained by the district court.
haThis Court agrees with Traylor in concluding that “it is not always the caption on a pleading that determines its substance.” Traylor, 715 So.2d at 1256.
The intervention in the case sub judice was not entitled “Amended Petition” or “Supplemental Petition.” However, La.C.C.P. art 1091, titled Third Person May Intervene, provides that “[a] third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by (l)[j]oining with plaintiff in demanding the same or similar relief against the defendant.”
For the above reasons, we hold that post-prescription amendments and interventions in which a person seeks to join or substitute parties will relate back to the original petition, if: (1) the new person has an interest in the original claim pursuant to La. C.C.P. art. 1091; (2) the new person states a cause of action arising out of the same conduct, transaction, or occurrence complained of in the original claim; and (3) the four criteria set forth in Giroir have been satisfied.

DECREE

For the forgoing reasons, we reverse the district court judgment. The judgment granting the Appellees’ peremptory exception of prescription is vacated and set aside, and the matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED

. Now deceased.

. La. R.S. 9:5628(A), titled Actions for medical malpractice provides:
A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing.home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

. In her appeal brief, Dr. Fuller refers to Joseph v. Entergy, 2000-2213 (La.App. 4 Cir. 2/13/02), 811 So.2d 54, in which a husband/plaintiff filed his suit for injuries sus- *265 tamed in an accident and his wife filed an intervention alleging a loss of consortium claim 216 days after the original petition was filed and 113 days after the incident in question.

. The Louisiana Supreme Court indicated that it extensively reviewed federal jurisprudence on the question of relation back in order to overcome an exception of prescription.

. The suit was brought on the minor's behalf by her mother.

. The Court takes note that had all four of the Giroir criteria had been met by the intervenor in Traylor, the Court’s decision may have been different.