# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 21, 2011

No. 10-30634

Lyle W. Cayce
Clerk

SOUTHERN PAIN & ANESTHESIA CONSULTANTS, LIMITED LIABILITY
CORPORATION; PAUL JOSEPH HUBBELL, III,

Plaintiffs - Appellants

v.

RF MEDICAL DEVICES, INCORPORATED; MERCURY MEDICAL
PRODUCTS, INCORPORATED, doing business as Precision Medical
Engineering, Incorporated; NEUROTHERM, INCORPORATED; GENERAL
STAR INDEMNITY COMPANY; TYCO HEALTHCARE GROUP LIMITED
PARTNERSHIP; RADIONICS, INCORPORATED; VALLEYLAB,
INCORPORATED; NOETIC SPECIALTY INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:08-CV-827

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-30634

Southern Pain & Anesthesia Consultants, LLC and Dr. Paul Hubbell ("Plaintiffs") appeal the district court's grant of summary judgment for the defendants in this case, a group of medical device manufacturers and their insurers. The suit arises from a failed annuloplasty procedure that Dr. Hubbell performed on Toni Peavy in February 2004. The procedure used the defendants' medical product "discTRODE" and resulted in significant injury to Peavy. Peavy subsequently brought a state court action against Dr. Hubbell and all of the defendants in this case, alleging medical malpractice and product defect claims, respectively. In December 2008, while Peavy's suit was pending, the Plaintiffs filed the underlying suit seeking indemnification and tort damages. The district court granted judgment for the defendants after concluding that the Plaintiffs' tort claims had prescribed under Louisiana law.

We review the district court's grant of summary judgment de novo. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010). On appeal, the Plaintiffs' sole argument is that the district court erred in concluding that their tort claims had prescribed. The Plaintiffs argue that because they alleged the same tort claims as Peavy did in her suit and both suits arise from the 2004 procedure, Peavy and the Plaintiffs share an "identity of interest." As a result, Plaintiffs assert, Peavy's suit interrupted prescription and their tort claims did not begin to run until Peavy's suit was dismissed in March 2009.

"When it is clear on the face of a plaintiff's petition that prescription has run, the plaintiff bears the burden of showing why the claim has not prescribed." *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La. 1993). Louisiana has a one-year prescription period for tort (delictual) claims, which "commences to run from the day injury or damage is sustained." LA. CIV. CODE art. 3492. The district court determined that the Plaintiffs became aware of the facts giving rise to their tort claims by December 6, 2007, a finding the Plaintiffs do not challenge. The Plaintiffs filed their suit over a year later, on

No. 10-30634

December 19, 2008, and thus their tort claims were prescribed on their face. Below, the Plaintiffs attempted to carry their burden of proof by arguing that Peavy's suit had interrupted prescription, an argument they renew here.

The Louisiana Supreme Court has stated that where a "subsequent claimant is a different person than the original plaintiff"—as here—"then to interrupt prescription [1] the first suit must . . . be based upon the same factual occurrence as is the subsequent claim by amended petition or intervention;" and "[2] the subsequent claimant must also be closely connected in relationship and identity of interest with the original plaintiff." *Allstate Ins. Co. v. Theriot*, 376 So. 2d 950, 954 (La. 1979), *abrogated on other grounds by Stenson v. City of Oberlin*, — So. 3d —, 2011 WL 893394 (La. Mar. 15, 2011). The Plaintiffs argue that their tort claims meet the *Theriot* "test" for interruption by a previous suit.

We do not agree. To begin with, the Plaintiffs did not bring their tort claims "by amended petition or intervention" in Peavy's suit; they inexplicably brought them in a wholly separate action four years after Peavy's original pleading. Second, the Plaintiffs have not shown that they share a sufficiently close "relationship and identity of interest" with Peavy. Such a relationship exists between a subroger and subrogee; a deceased defendant and his survivors; and an employer's insurer and employee. *See Theriot*, 376 So. 2d at 954 (listing cases). Louisiana courts have also found that where a tortfeasor-defendant files a third-party demand and the original plaintiff subsequently amends his petition to sue the same third party, the third-party demand may interrupt prescription on the plaintiff's new claim. *See id.* at 954 n.4 (citing *Carona v. Radwin*, 195 So. 2d 465 (La. Ct. App. 1967)). As the district court found, the relationship between Peavy and the Plaintiffs does not comport with any that the Louisiana courts have recognized as permitting interruption.

Similarly, the Plaintiffs do not "share a single cause of action" with Peavy that would warrant interruption. "[W]hen several parties share a single cause

3

No. 10-30634

of action (as through partial subrogation), suit by one interrupts prescription as to all." *Louviere v. Shell Oil Co.*, 440 So.2d 93, 96 (La. 1983). "However, when a suit by a second party states a different cause of action than the suit by the first party, although each cause of action is based in part on common facts, the first suit does not interrupt prescription as to the subsequent cause of action." *Id.* For purposes of this principle, a "cause of action consists of the material facts which form the basis of the right claimed by the party bringing the action." *Id.* at 95. In their complaint, the Plaintiffs alleged a right to recover for economic damages incurred as a result of Peavy's medical malpractice claims against them. This alleged cause of action is not identical to Peavy's right to recover for physical injuries resulting from the 2004 procedure.

For the above reasons, the judgment of the district court is AFFIRMED.